IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NUMBER 1:15-CV-00462

| | |
|---|---|
| DANIELLE SEAMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DUKE UNIVERSITY, DUKE UNIVERSITY HEALTH SYSTEM, WILLIAM L. ROPER, AND DOES 1-20,<br><br>Defendants. | JOINT RULE 26(f) REPORT |

1. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.1(b), a meeting was held via teleconference, and was attended by Robert M. Elliot, Esq., Dean M. Harvey, Esq., Katherine Lubin Benson, Esq., and Wilson M. Dunlavey, Esq., counsel for Plaintiff Danielle Seaman ("Dr. Seaman"), Paul K. Sun, Jr., Esq., Kelly Margolis Dagger, Esq., and Derek Ludwin, Esq., counsel for Defendants Duke University ("Duke") and Duke University Health System ("DUHS"), and Clinton R. Pinyan, Esq., counsel for Defendant William L. Roper ("Dr. Roper") (collectively, "Defendants").

2. Discovery Plan. The parties propose to the Court the following

discovery plan:

    a.    Discovery will be needed on the following subjects:

        (i)    Dr. Seaman's alleged individual and representative claims, including damages;

        (ii)    Duke's and DUHS's defenses; and

        (iii)    Dr. Roper's defenses.

    b.    Discovery shall be placed on a case-management track established in LR 26.1. Duke and DUHS shall be treated as a single party, Dr. Roper shall be treated as a single party, and Dr. Seaman and any other named plaintiff shall be treated as a single party. The parties agree that the appropriate plan for this case (with any stipulated modification by the parties as set out below) is that designated in LR 26.1(a) as: <u>Exceptional</u>.

    c.    The date for the completion of all discovery (general and expert) is 225 days from the Court's ruling on Dr. Seaman's anticipated motion for class certification.

    d.    Stipulated modifications to the case management track include:

        (i)    Subject to stipulation of the parties or order of the Court on good cause shown, interrogatories (including subparts) and requests for admission are limited to thirty (30) in number by each party.

        (ii)    The parties stipulate to the following modification to the case management track. The parties will limit depositions to seventeen (17) in number by each party, without prejudice to any party seeking leave of Court for additional depositions.

(iii) The parties propose 27 February 2017 as an appropriate date for Dr. Seaman's motion for class certification. This proposed deadline is without prejudice to Dr. Seaman seeking an extension in order to have sufficient time to discover and analyze the relevant facts, data, and testimony. Furthermore, the deadline for a response below is also without prejudice to any Defendant seeking an extension in order to have sufficient time to discover, analyze, and respond to the relevant facts, data, and testimony. In the event that any party seeks an extension of one or more of the deadlines regarding class certification briefing, the parties agree to meet and confer in advance in order to propose a stipulated extension of the below proposed schedule.

(iv) Unless otherwise ordered by the Court, discovery and other case management deadlines shall proceed on the following schedule:

| February 27, 2017 | Motion for class certification |
| --- | --- |
| April 28, 2017 | Brief in opposition to motion for class certification |
| May 29, 2017 | Reply brief in support of motion for class certification |
| 60 days from the Court's ruling on motion for class certification | Close of fact discovery |
| 90 days from the Court's ruling on motion for class certification | Party with the burden of proof on an issue who desires to present expert testimony on that issue shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B) and/or Fed. R. Civ. P. 26(a)(2)(C). |

3

| | |
|---|---|
| 150 days from the Court's ruling on motion for class certification | Party who does not have the burden of proof on an issue who desires to present expert testimony on that issue shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B) and/or Fed. R. Civ. P. 26(a)(2)(C). |
| 195 days from the Court's ruling on motion for class certification | Rebuttal report deadline for party with the burden of proof on an issue who desires to present expert testimony on that issue. |
| 225 days from the Court's ruling on motion for class certification | Close of expert discovery |
| 265 days from the Court's ruling on motion for class certification | Deadline to file post-discovery dispositive motions |
| At least 30 days before trial | Final pretrial conference |
| No sooner than 90 days from the Court's ruling on any post-discovery dispositive motions | The parties shall be prepared for trial. |

e. Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period.

f. Supplementation will be as provided in Rule 26(e) or as otherwise ordered by the Court.

3. Mediation. The parties have selected John Harkavy, Esq., as the mediator, who convened an initial mediated settlement conference on 17 March 2016. An additional mediated settlement conference shall be conducted following the Court's ruling on Dr. Seaman's anticipated motion for class certification, the exact date to be set by the mediator after consultation by the parties.

4. Preliminary Deposition Schedule. Depositions will take place within the discovery period. Expert depositions shall not count toward the deposition limit set out in section 2(d)(ii) above. Each party may depose any expert identified pursuant to Fed. R. Civ. P. 26(a)(2) by any other party, and those depositions shall not count toward the limit set out in section 2(d)(ii) above. Each deposition is limited to one day of seven hours unless extended by agreement of the parties or ordered by the Court.

5. Other items.

a. The parties agree that Dr. Seaman should be allowed until 30 September 2016 to request leave to join additional parties or amend pleadings, and Defendant(s) should be allowed until 30 September 2016 to request leave to join additional parties or amend pleadings. After these dates, the Court will consider,

5

        inter alia, whether the granting of leave would delay trial. The parties' agreement is without prejudice to motions to amend pleadings pursuant to Federal Rule of Civil Procedure 15.

b.     The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master, and the parties do not consent to refer to a magistrate or appointment of a master.

c.     The parties anticipate that a protective order will be needed to protect the confidentiality of information produced in discovery. The parties will submit a proposed protective order for the Court's consideration.

d.     Dr. Seaman has demanded a jury trial, but Dr. Roper has objected to a jury trial of the claims against him, which are equitable in nature. Trial is expected to take approximately ten days.

This the 18th day of August, 2016.

/s/ Paul K. Sun, Jr.
Paul K. Sun, Jr.
N.C. State Bar No. 16847
paul.sun@elliswinters.com
Matthew W. Sawchak
N.C. State Bar No. 17059
matt.sawchak@elliswinters.com
Kelly Margolis Dagger
N.C. State Bar No. 44329
kelly.dagger@elliswinters.com
ELLIS & WINTERS LLP
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010

Gregg H. Levy*
Derek Ludwin*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
*admitted pursuant to LR83.1(d)

*Counsel for Defendants Duke and DUHS*

/s/ Clinton R. Pinyan
Kearns Davis
N.C. State Bar No. 22014
kdavis@brookspierce.com
Clinton R. Pinyan
N.C. State Bar No. 22260
cpinyan@brookspierce.com
Bryan Starrett
N.C. State Bar No. 40100
bstarrett@brookspierce.com
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD LLP
Post Office Box 26000
Greensboro, North Carolina 27420
Telephone: (336) 373-8850
Facsimile: (336) 378-1001

*Counsel for Defendant William L. Roper*

/s/ Dean M. Harvey
Robert M. Elliot
N.C. State Bar No. 7709
rmelliot@emplawfirm.com
ELLIOT MORGAN PARSONAGE, PLLC
426 Old Salem Road
Brickenstein-Leinbach House
Winston-Salem, North Carolina 27101
Telephone: (336) 724-2828
Facsimile: (336) 724-3335

Kelly M. Dermody*
Dean M. Harvey*
Katherine Lubin Benson*
Wilson M. Dunlavey*
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
*admitted pursuant to LR83.1(d)*

*Counsel for Plaintiff Danielle Seaman*

9

# CERTIFICATE OF SERVICE

I hereby certify that on 18 August 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 18th day of August, 2016.

/s/ Paul K. Sun, Jr.
Paul K. Sun, Jr.
N.C. State Bar No. 16847
paul.sun@elliswinters.com
ELLIS & WINTERS LLP
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010

*Counsel for Defendants Duke and DUHS*