IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DANIELLE SEAMAN, individually )
and on behalf of all others similarly )
situated, )
)
              Plaintiffs, )        1:15CV462
)
      v. )
)
DUKE UNIVERSITY, et. al, )
)
              Defendant. )

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff Danielle Seaman's motion to compel. (Docket Entry 210.) For the following reasons, the Court will grant in part and deny in part Plaintiff's motion.

## I. BACKGROUND

The Court incorporates by reference the background as set forth in its Memorandum Opinion and Order on Plaintiff's previous motion to compel. (*See* Docket Entry 202.) As noted therein, on August 22, 2016, the undersigned approved the parties' joint motion establishing a period for discovery. (*See* Joint 26(f) Report, Docket Entry 56; Order, Docket Entry 57.) The joint report provided, "[t]he parties stipulate to the following modification to the case management track. The parties will limit depositions to seventeen (17) in number by each party, without prejudice to any party seeking leave of Court for additional depositions . . . . Expert depositions shall not count toward the deposition limit set out in section 2(d)(ii)

1

above." (Joint 26(f) Report at 2-3.) The next day, Duke University and Duke University Health Systems (collectively "Duke") served initial disclosures that named over thirty individuals likely to have discoverable information. (Harvey Decl. Ex. A, Docket Entry 212-1 at 3-9.)[1] Duke indicated that each individual "may have information regarding recruiting, hiring, and compensation practices for . . . faculty" of his or her respective department. (*Id.*)[2] Prior to filing this motion, Plaintiff deposed three of the named individuals. (Harvey Decl. ¶ 6, Docket Entry 212.)

On February 1, 2018, the Court certified a limited class in this matter. (Docket Entry 189 at 25.) On February 2, 2018, Plaintiff sent a letter to Duke requesting it to identify the individuals that it might call at trial, whether previously unidentified or one of the individuals identified in Duke's initial disclosures that Plaintiff had yet to depose. (*See* Defs.' Br. Opp. Mot. Compel Ex. A, Docket Entry 217-1 at 2.) Duke objected to Plaintiff's request. (*See id.* Ex. B, Docket Entry 217-2 at 2.) On February 14, 2018, Plaintiff served her Fourth Set of Interrogatories including Interrogatory 15. (*See id.* Ex. C, Docket Entry 217-3.) Interrogatory 15 asked Duke to "provide the name . . . address and telephone number of each witness [Duke] may call at trial—separately identifying those [Duke] expects to present at trial and those [Duke] may call at trial if the need arises." (*Id.* at 4.) On February 15, 2018, Plaintiff noticed thirty-seven depositions—including every not-already-deposed individual identified in Duke's

---

[1] Duke's supplemental disclosures identified nine additional individuals.
[2] There were three exceptions to Duke's use of this language. Duke indicated that (1) Nancy Andrews might have discoverable information regarding her communications with Dr. William Roper; (2) Dr. Erik Paulson might have information regarding Dr. Seaman's employment history with Duke; and (3) Plaintiff might have information "regarding her recruitment to, and application for, medial faculty positions at Duke and other institutions . . . ." Plaintiff deposed Dr. Andrews.

2

initial disclosures. (*Id.* Ex. C, Docket Entry 212-3 at 2.) Plaintiff explained by letter that Duke's prior refusal to provide Plaintiff with a list of witnesses it would call at trial, and "the fast-approaching deadline to complete fact discovery [did] not allow [Plaintiff] to wait for Duke's response to the interrogatory before scheduling these depositions." (*Id.*) Duke responded on February 22, 2018, indicating its opposition to Plaintiff's attempt to conduct more than seventeen depositions, and reiterating that Plaintiff was not entitled to a list of witnesses at that time. (*Id.* Ex. D, Docket Entry 212-4 at 2.) On March 22, 2018, Duke formally objected to Plaintiff's Interrogatory 15, stating that Plaintiff's request was premature: "Disclosure of trial witnesses at this time is not required or even contemplated by the Federal Rules of Civil Procedure, the Local Civil Rules, or the Rule 26(f) scheduling order in this case. [Duke] will disclose the information sought in this interrogatory at the appropriate time." (*Id.* Ex. B, Docket Entry 212-2 at 4.)[3]

Plaintiff now moves the Court to amend the jointly-stipulated seventeen-deposition limit adopted by the Court's scheduling order in order to depose every witnesses Duke expects to call at trial. (Pl.'s Br. Supp. Mot. Compel, Docket Entry 211 at 13.) She also moves the Court to compel Duke to identify those witnesses either by responding to Interrogatory 15 or amending its initial disclosures. (*Id.* at 12-13.)

---

[3] However, Duke did notify Plaintiff that five individuals would not be called at trial because the information they possibly possessed was not relevant to the limited class the Court certified. (Pl.'s Br. Supp. Mot. Compel at 5; *see e.g.*, Harvey Decl. Ex. D, Docket Entry 212-4 at 3.)

3

## II. DISCUSSION

Plaintiff first asks to the court to allow her to take depositions in excess of the number provided for in the scheduling order. (*Id.*) The Court declines to do so. Although "[t]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants," Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment, that mechanism has limits. As relevant here, the 1993 amendments to Rule 30 placed numerical limitations on depositions. Fed. R. Civ. P. 30 advisory committee's note to 1993 amendment. The intent was to "assure judicial review under the [appropriate] standards . . . before any side will be allowed to take more . . . depositions in a case without agreement of the other parties" and "to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case." *Id.* Per the local rules, the standard discovery track ordinarily permits four depositions per side, complex litigation permits seven, and the exceptional discovery track permits ten depositions per side. L.R. 26.1(d). Courts then make "case–by–case determinations whether to authorize additional depositions beyond the [presumptive] limit." Charles A. Wright et. al., Federal Practice and Procedure § 2104, Westlaw (database updated Apr. 2017). After the limit is set in the scheduling order, a party seeking to "take more discovery than is permitted under the initial pretrial order" must seek leave of court to do so. L.R. 26.1(d); *see CSX Transportation, Inc. v. Peirce*, No. 5:05-CV-202, 2012 WL 12892733, at *8–9 (N.D.W. Va. May 23, 2012). In this district, the request "must be made or presented prior to the expiration of the time within which discovery is required to be completed." L.R. 26.1(d). "The Court will permit additional depositions only on a showing of exceptional good cause." *Id.*

4

Here, although Plaintiff made her request during the discovery period, she has failed to show exceptionally good cause. Plaintiff's argument centers on the danger that her inability to depose every trial witness or every individual likely to have discoverable information will result in "trial by ambush," a tactic "routinely reject[ed]" by trial courts. (Pl.'s Br. Supp. Mot. Compel at 11.) The Court is not persuaded. The scheduling order already allows each party to take seventeen deposition, far more than the presumptive limit for exceptionally complex cases. (Joint 26(f) Report at 2-3.) The Court thus finds that Plaintiff has not met her burden to show exceptionally good cause to request additional depositions.[4]

Plaintiff next asks the Court to compel Duke to respond to Interrogatory 15 requesting a list of witnesses it is likely to present at trial. (Pl.'s Br. Supp. Mot. Compel at 12-13.) In the alternative, Plaintiff asks the Court to compel Duke to amend its initial disclosures. (*Id.*) Specifically, Plaintiff seeks a revised list of individuals who likely possess discoverable information that includes only those individuals that Duke is likely to present at trial. (*Id.*) At the outset, the Court notes that Duke served its initial disclosures, including the list at issue, on August 23, 2016, nearly eighteen months before Plaintiff raised her present concerns. The Court declines to grant Plaintiff's specific requests, but to address Plaintiff's concerns, will order Duke to amend its initial disclosures as set forth below.

---

[4] Plaintiff argues that she needs additional depositions in part because she cannot complete the eight scheduled depositions without leave of Court because she has already deposed nine fact witnesses and two expert witnesses. (Harvey Decl. ¶ 9.) Plaintiff states that she will convert two of the planned depositions to information interviews if necessary. (*Id.*) However, as Duke notes in its brief, the scheduling order provides that expert witness depositions do not count toward the deposition limit. (Defs.' Br. Opp. Mot. Compel at 13.) Thus, Plaintiff does not need additional depositions to depose these witnesses, and will not be forced to convert the planned depositions to informational interviews to stay within the limit.

Generally, Rule 26(a) "seeks 'to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information.'" *Thurby v. Encore Receivable Mgmt., Inc.*, 251 F.R.D. 620, 621 (D. Colo. 2008) (quoting Fed. R. Civ. P. 26 advisory committee's note, 1993 amend.). "[V]oluntary disclosures ... streamline discovery and thereby avoid the practice of serving multiple, boilerplate interrogatories and document requests, which themselves bring into play a concomitant set of delays and costs." *Chalick v. Cooper Hosp./Univ. Med. Ctr.*, 192 F.R.D. 145, 150 (D.N.J. 2000).

Rule 26(a)(1) governs initial disclosures. "The obvious purpose of the disclosure requirement of Rule 26(a)(1)(A) is to give the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation . . . ." *Biltrite Corp. v. World Road Mktg., Inc.*, 202 F.R.D. 359, 362 (D. Mass. 2001) (internal citation omitted). Rule 26(a)(1)(A) therefore requires each party to disclose to the other a list of "each individual likely to have discoverable information—along with the subjects of that information—that [Plaintiff] may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). "[U]nless a different time is set by stipulation or court order . . . [a] party must make the initial disclosures at or within [fourteen] days after the parties' Rule 26(f) conference . . . ." Fed. R. Civ. P. 26(a)(1)(C).

Rule 26(a)(3) governs pretrial disclosures. It provides,

> In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial . . . the name . . . of each witness—separately identifying

those the party expects to present and those it may call if the need
arises. Unless the court orders otherwise, these disclosures must
be made at least 30 days before trial.

Fed. R. Civ. P. 26(a)(3).

Here, Plaintiff's Interrogatory 15 asks Duke to "[p]rovide the name . . . of each witness [it] may call at trial—separately identifying those [it] expect[s] to present at trial and those [it] may call at trial if the need arises." (Defs.' Br. Opp. Mot. Compel Ex. C, Docket Entry 217-3 at 4.) Duke argues that "neither the governing rules nor applicable precedent require it to determine—let alone disclose—its trial witnesses at this time." (*Id.* at 9.) The Court agrees. It is clear on the face of Plaintiff's request that she is seeking what amounts to a pretrial disclosure before trial has even been set. The Court will therefore will deny Plaintiff's motion to compel a response to Interrogatory 15.

As to initial disclosures, the parties do not dispute that Duke timely provided Plaintiff a list of individuals likely to have discoverable information. (Harvey Decl. ¶ 6.) Rather, Plaintiff argues for the first time in her reply that "Duke's initial disclosures fail to provide enough information to allow [Plaintiff] to identify who, among the individuals identified, should be deposed." (Pl.'s Reply Supp. Mot. Compel, Docket Entry 221 at 9.) With this argument, belated as it is, the Court also agrees.

In providing the subjects as to which individuals likely have knowledge, "a party is not necessarily required to provide a minute recitation of the putative witness' knowledge[; rather,] the Rule 26(a)(1)(A) disclosure should indicate 'briefly the general topics on which such persons have knowledge.'" *Lobato v. Ford*, No. 05CV01437–LTB–CBS, 2007 WL 2593485, at *5 (D.Colo.2007) (unpublished) (quoting Fed. R. Civ. P. 26 advisory committee's note, 1993

amend.). "Thus, while a party is not required to provide a detailed narrative of the potential witness' knowledge, the Rule 26(a)(1)(A) disclosure should provide enough information that would allow the opposing party to help focus the discovery that is needed . . . ." *Lipari v. U.S. Bancorp, N.A.*, Civ. No. 07–2146–CM–DJW, 2008 WL 2874373, at *2 (D. Kan. July 22, 2008) (unpublished). Moreover, Rule 26 specifically provides that "[a] party must make its initial disclosures based on the information then reasonably available to it," Fed. R. Civ. P. 26(a)(1)(E). In sum, a plaintiff must "make a reasonable inquiry and [ ] provide[ ] [more than] 'a laundry list of undifferentiated witnesses.'" *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 263 F.R.D. 1, 6 (D.D.C.2009) (quoting *Sender v. Mann*, 225 F.R.D. 645, 651 (D.Colo.2004)).

Here, for each individual Duke identified in its initial disclosure, it states that the individual "may have information regarding recruiting, hiring, and compensation practices for . . . faculty" of his or her respective department." (Harvey Decl. Ex. A, Docket Entry Docket Entry 212-1 at 3-8.) With a few exceptions noted earlier, the individuals are not differentiated from one another except by specialty or department. The list reflects no "reasonable inquiry." Although Duke need not narrow the number of individuals, the interests of justice demand that Duke provide an amended 26(a)(1)(A)(i) list that better indicates, based on the information reasonably available to it, the subjects to which the listed individuals may testify if presented at trial. The Court finds, in its discretion, that a more detailed description of the subjects of the information the listed individuals likely possess will adequately protect Plaintiff from "trial by ambush."

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's motion (Docket Entry 210) is **GRANTED IN PART and DENIED IN PART**. As set forth above, Defendant Duke shall produce to Plaintiff, on or before **April 24, 2018** an amended Rule 26(a)(1)(A)(i) list that more clearly identifies the subjects about which the listed individuals may testify if presented at trial. In all other respects, Plaintiff's motion is **DENIED**.

Joe L. Webster
United States Magistrate Judge

April 11, 2018
Durham, North Carolina