IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DANIELLE SEAMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br>DUKE UNIVERSITY, et al.,<br><br>Defendants. | Case No. 1:15-cv-00462-CCE-JLW |

## DUKE UNIVERSITY AND DUKE UNIVERSITY HEALTH SYSTEM, INC.'S OMNIBUS MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERTS

Defendants Duke University ("Duke") and Duke University Health System, Inc. ("DUHS") (together, the "Duke Defendants"), pursuant to Federal Rule of Evidence 702 and 703 and Local Rule 7.1, respectfully request that the Court exclude the testimony of Plaintiff's experts Dr. Edward Leamer, Dr. Peter Cappelli, and Professor C. Scott Hemphill. In support of this Motion, Duke Defendants show the Court as follows:

1. Dr. Leamer offers a damages opinion based on his construction of a regression model that purports to measure "returns-to-tenure," or the change associated with an additional year of work at an institution, for academic medical faculty at Duke and UNC. Leamer's damages opinions are unreliable—and therefore inadmissible—for several reasons:

a. Leamer's returns-to-tenure model has never been used to prove economic damages in an antitrust case, and that use is contrary to the relevant literature in the field.

b. Leamer's benchmarks for competition absent the alleged agreement— *i.e.*, the "but for" world—are unreliable. The first benchmark is arbitrary, and the second yields significant false positives. Further, both benchmarks are based on incomplete data from a university system that Leamer fails to show is comparable to UNC or Duke.

c. Leamer's sharing regression is statistically unreliable and cannot demonstrate causation; and

d. Leamer's damages calculation improperly includes damages outside the class period.

2. Dr. Cappelli offers opinions regarding the labor market for medical faculty, how medical faculty are compensated, and the alleged harm to the class members. Cappelli's testimony is inadmissible in its entirety because he lacks the requisite expertise and experience to opine on these topics, and because his opinions lack evidentiary support. In addition, certain of Cappelli's opinions that purport to interpret the evidence and assess the parties' intent invade the province of the jury and should be excluded even if Cappelli is permitted to testify on other issues.

3. Professor Hemphill purports to offer an opinion regarding whether the "economic evidence" in the case is "consistent with a no-poach understanding between Duke and UNC" and whether such an agreement would reduce faculty pay. Hemphill's

opinions are not based on any data analysis, but rather on his review and interpretation of selected documents, his speculation as to the parties' intent, and his interpretation of the applicable legal standards. Because these categories of testimony usurp the role of the Court and the jury, they are inadmissible.

4. In support of this Motion, Duke Defendants rely upon all expert reports served by Plaintiff, Plaintiff's experts' depositions, the applicable law, Duke Defendants' Briefs in Support of their Omnibus Motion to Exclude Plaintiff's Experts, and the declarations and exhibits served on Plaintiff and to be filed with the Court in accordance with the December 7, 2018 Consent Order (DE 282).

WHEREFORE, Duke Defendants respectfully request that the Court enter an order precluding Plaintiff's experts from testifying in this case, as set forth in the attached Exhibit A.

This the 21st day of December, 2018.

| | |
|---|---|
| | */s/ James P. Cooney, III* |
| Gregg H. Levy* | James P. Cooney, III |
| glevy@cov.com | N.C. State Bar No. 12140 |
| Derek Ludwin* | Sarah Motley Stone |
| dludwin@cov.com | N.C. State Bar No. 34117 |
| Ashley Bass* | Womble Bond Dickinson (US) LLP |
| abass@cov.com | One Wells Fargo Center, Suite 3500 |
| Covington & Burling LLP | 301 South College Street |
| One CityCenter | Charlotte, NC 28202 |
| 850 Tenth Street, NW | |
| Washington, DC 20001 | Brent F. Powell |
| Telephone: (202) 662-6000 | N.C. State Bar No. 41938 |
| Facsimile: (202) 662-6291 | Womble Bond Dickinson (US) LLP |
| | One West Fourth Street |
| *admitted pursuant to LR 83.1(d)* | Winston-Salem, NC 27101 |

*Counsel for Defendants Duke University and DUHS*

# EXHIBIT A

| Expert | Bases for Exclusion | Portions of Testimony Sought to Be Excluded |
|---|---|---|
| Leamer | Damages Model Is Unreliable | All |
| | Benchmark Data Is Incomplete, Unreliable, and/or Not Comparable | All |
| | Sharing Regression Is Unreliable | All testimony about the sharing regression and all testimony relying on the sharing regression to demonstrate causation |
| | Improperly Includes Damages from Outside Class Period | All testimony relating to damages estimates that include damages from outside the class period |
| Cappelli | Lack of Experience/Qualification | All |
| | Opinions/Assumption Unsupported by the Evidentiary Record | All |
| | Impermissible Summary of Evidence | All testimony summarizing and providing lay interpretation of documentary evidence, as reflected in, e.g., Merits Rpt. ¶¶ 76–77; Rebuttal ¶¶ 7, 86 |
| | Improper Opinion as to Parties' Intent | All testimony about the intent of defendants and their employees, as reflected in, e.g., Merits Rebuttal ¶ 9 |

| Expert | Bases for Exclusion | Portions of Testimony Sought to Be Excluded |
|---|---|---|
| Hemphill | Impermissible Summary of Evidence | All testimony summarizing and providing lay interpretation of documentary evidence, as reflected in, e.g., Figure 1 to Rpt., Rpt., ¶¶ 65, 74-75, 78-9 and nn. 57-58, 60-62, 80-81. |
| | Improper Opinion as to Parties' Intent | All testimony about the intent of defendants and their employees, as reflected in, e.g., Rpt. ¶ 12; Rebuttal ¶ 15 |
| | Improper Opinion as to Legal Standard | Rpt. ¶¶ 46–49 |

# CERTIFICATE OF SERVICE

This is to certify that on December 21, 2018, a copy of the foregoing **Omnibus Motion to Exclude Testimony of Plaintiff's Experts** was filed electronically with the Clerk of Court using the CM/ECF system which will automatically send notification of filing to all counsel of record.

*/s/ James P. Cooney, III*
James P. Cooney, III
N.C. State Bar No. 12140
Womble Bond Dickinson (US) LLP
One Wells Fargo Center, Suite 3500
301 South College Street
Charlotte, NC 28202