UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA

DURHAM DIVISION

| | |
|---|---|
| DANIELLE SEAMAN, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>DUKE UNIVERSITY; DUKE UNIVERSITY HEALTH SYSTEM, INC.; and DOES 1-20,<br><br>　　　　Defendants. | Case No. 1:15-cv-00462-CCE-JLW<br><br>**PLAINTIFF'S OPPOSITION TO DUKE'S MOTION FOR LEAVE TO FILE RESPONSE TO STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA, AND OPPOSITION TO DUKE'S SUGGESTION THAT THE COURT INVITE THE STATE OF NORTH CAROLINA TO SUBMIT AN AMICUS CURIAE BRIEF** |

The Court should deny Duke's motion for leave to file a response to the Statement of Interest of the United States of America (Dkt. 328), and reject Duke's "suggestion" that the Court invite the State of North Carolina to submit an amicus curiae brief (Dkt. 329).

**I.  Duke Should Not Be Allowed To File A Post-Argument Brief On Matters Duke Has Already Addressed**

The Statement of the United States concerns issues raised in three pending motions: (1) Duke's motion for application of the rule of reason; (2) Duke's motion for summary judgment on state action immunity; and (3) Dr. Seaman's motion for summary judgment on state action immunity. With respect to Duke's motion for application of the rule of reason, Duke has already filed two briefs (3,988 words total) in support of its

position, while Dr. Seaman has filed one brief (2,774 words).  The parties' cross motions for summary judgment are supported by another four briefs (nearly 15,000 words total). Duke now seeks an additional brief, and an additional 3,250 words of argument, to be filed within 10 days *after* the March 12, 2019 oral argument on the substantive motions.

Duke contends that it should be allowed to file a post-argument brief because the Statement of the United States is 7,675 words long and was filed on March 7, 2019.  This is an appropriate length given that the Statement addresses over 20,000 words of argument by the parties, and conforms to the word limits the Court set for the parties' first round of briefs on these issues (Dkt. 280).  The Statement of the United States is also timely.  Over a month ago, on February 6, 2019, the United States filed a Notice of Intent to File a Statement of Interest.  (Dkt. 306.)  In that Notice, the United States said it would file a Statement "before the March 12, 2019 hearing on the motions."  (Dkt. 306 at 2.) That is what the United States did, and this came as no surprise to Duke.  Duke acknowledges that the United States did not have the completed briefing from the parties until February 22, 2019.  (Dkt. 328 at 2 n.1.)  The United States filed its Statement less than two weeks later.

But it is not the number of words or when those words were filed that can justify a post-argument brief from Duke.  The relevant question is whether the United States submitted new evidence or unexpected arguments in its Statement.  The United States did not submit evidence, and its arguments are very similar to those made by Dr. Seaman in her briefs to which Duke has already had ample opportunity to respond.  There is nothing

in the Statement of the United States that should surprise Duke. Dr. Seaman and the United States have made very similar arguments and have relied upon many of the same cases. If Duke seeks to separately comment on the Statement of the United States, Duke will have an opportunity to do so at the March 12, 2019 oral argument, just as Dr. Seaman will have an opportunity to respond to arguments Duke made for the first time in its reply in support of its motion to apply the rule of reason.

These issues have been thoroughly briefed. At the conclusion of oral argument, the motions should be submitted for decision.

## II. The Court Should Not Ask The State of North Carolina To Submit An Amicus Brief

Duke also asks this Court to "invite the State of North Carolina to submit an *amicus curiae* brief on the issue of the application of the state action immunity doctrine to the University of North Carolina." (Dkt. 329 at 1.) There is no basis for this eleventh hour suggestion under the Local Rules, which require amicus curiae to move for permission to file, and to "set forth why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." L.R. 7.5(b).

If the State of North Carolina wanted to provide its views on this issue, it has had over three years to do so. The application of the state action immunity doctrine has been at issue in this case since Duke and Dr. Roper moved to dismiss the complaint on October 15, 2015. (Dkt. 28 and 30.) The parties filed five briefs on the Rule 12 motions (Dkt. 29, 31, 32-34); the Court ruled on those motions, denying state action immunity (Dkt. 39); Duke sought appellate review (Dkt. 42); Dr. Seaman answered and a three

judge panel of the Fourth Circuit unanimously denied Duke's petition (Dkt. 50); and the parties filed four additional briefs regarding cross motions for summary judgment (Dkt. 331 and 334). Duke has had over three years to reach out to the State of North Carolina and suggest that the State seek to file an amicus brief under Local Rule 7.5. Duke has either not done so, or Duke has tried and failed.

Further, Duke does not explain what information the Court lacks that the State of North Carolina can supply, or how an amicus brief from the State of North Carolina could be prepared and filed before oral argument on March 12, 2019. There is no missing information or argument. The Court has ample briefing and a full record.

The Court should decline Duke's suggestion.

| | |
|---|---|
| Dated: March 8, 2019 | Respectfully submitted, |
| | */s/ Dean M. Harvey* |
| | Kelly M. Dermody* <br> Brendan P. Glackin* <br> Dean M. Harvey* <br> Anne B. Shaver* <br> Yaman A. Salahi* <br> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP <br> 275 Battery Street, 29th Floor <br> San Francisco, CA 94111-3339 <br> Telephone: (415) 956-1000 <br> Facsimile: (415) 956-1008 <br> kdermody@lchb.com <br> bglackin@lchb.com <br> dharvey@lchb.com <br> ashaver@lchb.com <br> ysalahi@lchb.com <br> *admitted pursuant to LR 83.1(d) |

Robert M. Elliot  (State Bar No. 7709)
ELLIOT MORGAN PARSONAGE, P.A.
426 Old Salem Rd.
Winston-Salem, NC 27101
Telephone: (336) 724-2828
Facsimile: (336) 714-4499
Email: rmelliot@emplawfirm.com


1702641.1     - 5 -

Case 1:15-cv-00462-CCE-JLW   Document 337   Filed 03/08/19   Page 5 of 5
