# EXHIBIT A

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement" or "Settlement") is made and entered into on May 20, 2019, by and between: Danielle Seaman ("Dr. Seaman", "Named Plaintiff", or "Class Representative") on behalf of herself individually and the class of individuals she represents for purposes of this Settlement, and Duke University and Duke University Health System ("DUHS," and together with Duke University, "Duke" or "Settling Defendants").

**WHEREAS**, Dr. Seaman is the Court-appointed Class Representative for the certified Class in the action captioned *Seaman v. Duke University and Duke University Health System*, Case No. 15-CV-00462 CCE JLW, in the United States District Court for the Middle District of North Carolina;

**WHEREAS**, on October 4, 2017, Dr. Seaman filed a Second Amended Complaint (Dkt. 109) that alleges that the University of North Carolina at Chapel Hill ("UNC-CH"), the University of North Carolina Health Care System ("UNC Health"), and William L. Roper (collectively, "UNC") and Duke agreed that Duke and UNC would not compete for each other's medical faculty in violation of federal and state antitrust laws;

**WHEREAS**, the Second Amended Complaint further alleges, among other things, that, as a result of the agreement, Dr. Seaman and the Class suffered monetary damages;

**WHEREAS**, UNC previously reached a settlement agreement with the Class;

**WHEREAS**, Dr. Seaman and Duke (collectively the "Settling Parties") have engaged in substantial arm's-length negotiations in an effort to resolve all claims that have been, or could have been, asserted in the Action, including through confidential mediation discussions with Jonathan Harkavy, which negotiations resulted in this Settlement Agreement;

**WHEREAS**, the Settling Defendants have denied and continue to deny that they engaged in any wrongdoing of any kind, or that they violated or breached any law, regulation, or duty owed to the Class, and they further deny that they have liability as a result of any and all allegations made in the Second Amended Complaint or as part of the Action;

**WHEREAS**, based on their analysis of the merits of the claims and the benefits provided to the Class by the Settlement Agreement, including an evaluation of a number of factors including the substantial risks of continued litigation and the possibility that the litigation if not settled now might not result in any recovery whatsoever for the Class or might result in a recovery that is less favorable to the Class, Dr. Seaman and Class Counsel believe that it is in the interest of all members of the Class to resolve finally and completely their claims against the Settling Defendants and that the terms of the Settlement Agreement are in the best interests of the Class and are fair, reasonable, and adequate; and

**WHEREAS**, the United States of America has filed an unopposed motion to intervene for the limited purpose of joining in the injunctive relief provisions in the Settlement Agreement and thereby obtaining the right to enforce any injunctive relief entered by the Court against Duke University;

**NOW, THEREFORE**, in consideration of the promises, agreements, covenants, representations, and warranties set forth herein, and other good and valuable consideration provided for herein, the Settling Parties agree to a full, final and complete settlement of the Action on the following terms and conditions:

# I.    GENERAL TERMS OF THE SETTLEMENT AGREEMENT

## A.    Definitions

In addition to terms identified and defined elsewhere in this Settlement Agreement, and as used herein, the terms below shall have the following meanings:

1.    "Action" means the lawsuit captioned *Seaman v. Duke University and Duke University Health System*, Case No. 15-CV-00462 CCE JLW, in the United States District Court for the Middle District of North Carolina.

2.    "Attorneys' Fees and Expenses" means the amounts approved by the Court for payment to Class Counsel, including attorneys' fees, costs, and litigation expenses, as described in Section VII.A herein, which amounts are to be paid solely from the Settlement Fund.

3.    "Class" means the class certified by the Court on February 1, 2018 (Dkt. 189), except as modified in brackets as follows: "All natural persons employed by Defendants and their co-conspirators in the United States during the period from January 1, 2012 through [the date of Preliminary Approval] (the "Class Period") as a faculty member with an academic appointment at the Duke or UNC Schools of Medicine. Excluded from the Class are: members of the boards of directors and boards of trustees, boards of governors, and senior executives of [Duke University, DUHS, UNC-CH, or UNC Health System (including (a) department chairs and (b) chiefs in charge of divisions)]; and any and all judges and justices, and chambers' staff, assigned to hear or adjudicate any aspect of this litigation."

4.    "Class Counsel" means the law firms of Lieff Cabraser Heimann & Bernstein, LLP and Elliot Morgan Parsonage, P.A.

5. "Class Member" means any person who meets the "Class" definition above and who has not timely and properly opted out of the Settlement.

6. "Second Amended Complaint" means the Second Amended Complaint filed in the Action on October 4, 2017 (Dkt. 109).

7. "Court" means the United States District Court for the Middle District of North Carolina.

8. "Duke University" means Duke University, a North Carolina nonprofit corporation that is a private, coeducational institution located primarily in Durham, North Carolina.

9. "Duke University Health System, Inc." or "DUHS" means Duke University Health System, Inc., a North Carolina nonprofit corporation that operates a healthcare delivery system that includes three hospitals and various sub-acute healthcare services.

10. "Effective Date" has the meaning specified in Section II.F, *infra.*

11. "Escrow Agent" means Citibank, N.A., which, assuming it agrees to do so, shall enter into an Escrow Agreement to carry out the tasks more fully detailed in that agreement, including to receive, hold, invest, and disburse the Settlement Fund, subject to the direction of the Notice Administrator. The Settling Parties may replace Citibank, N.A. with another mutually agreeable financial institution.

12. "Final Approval" means the order of the Court granting final approval of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e).

13. "Final Approval Hearing" or "Fairness Hearing" means the hearing at which the Court will consider Dr. Seaman's motion for judgment and final approval of the Settlement.

14.     "Named Plaintiff" and "Class Representative" mean Dr. Seaman.

15.     "Notice" means the two forms of Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, attached as Exhibit A, which is to be mailed and emailed directly to Class Members.

16.     "Notice Administrator" means the entity which has been designated to provide notice to the Class and administer the Settlement Fund pursuant to Section II.A below and by order of the Court.

17.     "Order and Final Judgment of Dismissal" means the Order which shall be submitted to the Court as described in Section II.E herein and entered by the Court as described in Section II.F herein.

18.     "Plaintiffs" means the Named Plaintiff and the Class, collectively.

19.     "Plan of Allocation" means the formula by which the Settlement Fund shall be distributed to Class Members as well as the timing and other aspects of the distribution, attached as Exhibit B.

20.     "Plan of Notice" means the plan for distributing the Notice to Class Members.

21.     "Preliminary Approval" means the Court's Order preliminarily approving the Settlement, the Plan of Notice, the form of Notice, the Plan of Allocation, and other related matters.

22.     "Protective Order" means the Stipulated Protective Order entered in the Action (Dkt. 61).

23.     "Released Claims" has the meaning specified in Section V *infra*.

24.     "Duke Releasees" has the meaning specified in Section V *infra*.

25.     "Releasor" has the meaning specified in Section V *infra*.

26.     "Relevant Personnel" shall have the meaning set forth in Section III.B.2 of this Agreement.

27.     "Settlement," "Agreement," and "Settlement Agreement" each mean the instant settlement terms agreed to by the Settling Parties as reflected in this Settlement Agreement and attachments hereto.

28.     "Settling Defendants" means Duke University and Duke University Health System.

29.     "Settling Defendants' Counsel" means the law firms of Covington & Burling LLP and Womble Bond Dickinson (US) LLP.

30.      "Settlement Payment" mean the sum of fifty four million five hundred thousand dollars ($54,500,000) that the Settling Defendants shall pay or cause to be paid as described in Section III.A to be held, invested, administered, and disbursed pursuant to this Settlement Agreement.

31.     "Settlement Fund" is the account set up by the Escrow Agent into which the Settlement Payment is paid.

32.     "Supplemental Agreement" has the meaning specified in Section II.D.4, *infra.*

**B.      Best Efforts to Effectuate the Settlement**

Dr. Seaman and Duke agree to cooperate and work together in order to effectuate the Settlement, including after it has received Final Approval, as set forth in Section II.E.

## II.   COURT APPROVAL OF SETTLEMENT AND CLASS NOTICE

### A.   Retention of Notice Administrator

Class Counsel shall retain a reputable and experienced Notice Administrator, which shall be responsible for the notice administration process, calculation of payments to Class Members based on the Plan of Allocation approved by the Court, distributions to Class Members, withholding and paying applicable taxes, and other duties as provided herein and in the Supplemental Agreement.  Class Counsel shall obtain approval by the Court of the choice of Notice Administrator.  The Notice Administrator shall sign and be bound by the Protective Order entered in the Action.  The fees and expenses of the Notice Administrator shall be paid exclusively out of the Settlement Fund.  Prior to the Effective Date, expenses incurred by the Notice Administrator relating to this Settlement and approved by the Court shall be paid solely from the Settlement Fund, as set forth in Section III.A.4, upon invoice to Class Counsel.  In no event shall Duke be separately responsible for fees or expenses of the Notice Administrator.

### B.   Preliminary Approval and Notice of Settlement

1.   Dr. Seaman and the Class, by and through Class Counsel, shall file with the Court, promptly after the execution of this Settlement Agreement, a motion for Preliminary Approval of the Settlement, which shall include a Proposed Preliminary Approval Order, a proposed Notice, and a Plan of Allocation.

2.   Duke shall have the right to review and comment on the motion for preliminary approval, and Class Counsel shall provide Duke with reasonable time to conduct such review.  Class Counsel shall consider any such comments in good faith, and shall not unreasonably reject such comments.

3.      Duke shall provide timely notice of the motion for preliminary approval pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b).

4.      Class Counsel shall propose, and Duke shall not oppose, that the Notice be disseminated by publication (through print, email and/or online notices) or such other method using a methodology developed by the Notice Administrator.  The notice shall direct Class Members to a website to be administered by the Notice Administrator which shall provide additional information.  Duke shall have the right to review and comment on the content of the website, and Class Counsel shall provide Duke with reasonable time to conduct such review.  Class Counsel shall consider any such comments in good faith, and shall not unreasonably reject such comments.  Class Counsel shall be responsible for obtaining and submitting to the Court evidence sufficient to demonstrate the adequacy of the notice plan.

5.      In the event that the Court preliminarily approves the Settlement, within fourteen days Duke and UNC will provide the Notice Administrator an updated list of current or most-recently known names, addresses, and e-mail address information for all Class Members.  Class Counsel shall, in accordance with Rule 23(c)(2) of the Federal Rules of Civil Procedure, direct the Notice Administrator approved by the Court to provide the Class with Notice as ordered by the Court.  Class Counsel shall provide Duke with four business days notice before Notice is disseminated to the Class.

C.      **Objections**

Unless the Court provides otherwise, objections to the Settlement, if any, must be submitted in writing, and must include a detailed description of the basis of the objection. Objections must be filed with the Court, with copies served on Class Counsel and Duke's Counsel, postmarked on or before a date certain to be specified on the Notice, which shall

be thirty (30) days after the Notice was initially sent to Class Members. No one may appear at the Final Approval Hearing for the purpose of objecting to the Settlement without first having filed and served his or her objection(s) in writing postmarked on or before thirty (30) days after the Notice was sent to Class Members.

### D. Opt-Out Period for New Class Members and Potential Repeat Opt-Out Period for Existing Class Members

1. Because the Court previously certified the Class, notice was previously disseminated to the certified Class, and the certified Class has already had an opt-out opportunity, the Settling Parties agree that it is in the Court's discretion whether there should be a second opt-out period for members of the certified Class in connection with this Settlement. Class Counsel agrees to describe in the motion for preliminary approval the law on whether a Court should exercise its discretion to order a second opt-out opportunity or period. The Parties agree that persons in the Settlement Class who were not members of the certified Class and therefore did not previously receive notice or an opportunity to opt out shall be given that opportunity in connection with this Settlement.

2. In connection with any opt-out opportunity described in Paragraph 1 of this section, Class Members who are entitled, and wish, to opt out of the Class must complete and timely submit to the Notice Administrator a request for exclusion. To be effective, such requests for exclusion must state the Class Member's full legal name and address, the approximate dates of his or her employment with either Duke or UNC, and include a statement that the Class Member wants to be excluded from the Settlement. All requests for exclusion must be signed and dated by the Class Member or his or her legal representative, and must be (1) mailed to the Notice Administrator via First Class United States Mail and postmarked by a date certain to be specified on the Notice, which shall be

30 calendar days after the Notice Administrator makes the initial mailing of the Notice or (2) received by the Notice Administrator by that date, provided, however, that if a Class Member mails the Opt-Out Statement pursuant to option (1), it shall be effective only if received by the Notice Administrator on or before 10 calendar days after the end of the Opt-Out Period.  The end of the "Opt-Out Period" shall be 30 calendar days after the Notice Administrator makes the initial mailing.  Within eleven calendar days after the end of the Opt-Out Period, the Notice Administrator shall provide to all counsel for the Settling Parties all opt-out statements that are timely received and shall prepare a summary of the opt outs to be filed with the Court, which shall include the total number of Class Members who have opted out.  Individuals who opt out are not entitled to any monetary award under the Settlement and cannot object to the Settlement.

3.      In connection with any opt-out opportunity described in Paragraph 1, the Settling Parties, Class Counsel, and Duke's Counsel shall not solicit or encourage any Class Member to opt out of the Class.  Under no circumstances shall the Settling Parties, Class Counsel, or Duke's Counsel solicit or encourage any Class Member to object to the Settlement.

4.      In connection with any opt-out opportunity described in Paragraph 1, Duke shall have the right, but not the obligation, in its sole discretion, to terminate this Agreement as further specified in the agreement contained in Exhibit C (the "Supplemental Agreement") to be executed by the Settling Parties contemporaneously with the execution of this Agreement.  The Supplemental Agreement shall be separately submitted to the Court under seal.

E. **Final Approval**

1. The Final Approval Hearing shall be noticed for no earlier than 100 days from the date of Preliminary Approval to allow Duke sufficient time to complete its obligations under the Class Action Fairness Act and also no earlier than 70 days from the date on which the Notice Administrator sent the Notice to Class Members.

2. Prior to the Final Approval Hearing, on the date set by the Court, Dr. Seaman, through Class Counsel, shall submit a motion for final approval by the Court of the Settlement and the entry of an Order of Final Judgment and Dismissal that:

a. finds the Settlement and its terms to be fair, reasonable and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;

b. finds that the Notice given constitutes due, adequate and sufficient notice, and meets the requirements of due process and any applicable laws;

c. provides for service payments from the Settlement Fund (as defined in Section VI herein) to Dr. Seaman in addition to whatever monies she shall receive from the Settlement Fund pursuant to the Court-approved Plan of Allocation;

d. provides for payment of Attorneys' Fees and Expenses from the Settlement Fund (as provided in Section VII.A herein);

e. sets forth the method for allocating the Settlement Fund (set forth in the Plan of Allocation attached as Exhibit B);

f. directs that the Action be dismissed with prejudice as against Duke, without costs to the Settling Parties;

g.     approves the release of claims specified herein as binding and effective as to all Class Members and permanently bars and enjoins all Class Members from asserting any Released Claims (as defined in Section V herein);

h.     reserves exclusive and continuing jurisdiction over the Settlement, including the Settlement Fund (as defined in Section III.A herein) and the administration, enforcement, consummation, and interpretation of this Settlement Agreement; and

i.     directs that an Order and Final Judgment of Dismissal be entered as between the Settling Parties in the Action.

3.     If so required by the Court in connection with approval of the Settlement, the Settling Parties agree to accept non-material or procedural changes to this Settlement Agreement. However, the Settling Parties are not obligated to accept any changes in the Settlement Payment or any other substantive change to their respective obligations.

F.     **Effective Date of the Settlement**

The Settlement shall become final and effective upon the occurrence of all of the following ("Effective Date"):

1.     The Settlement has not been terminated and receives Final Approval by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

2.     As provided for in Section II.E herein, entry is made of the Order and Final Judgment of Dismissal; and

3.     Completion of any appeal(s) from the Court's Order and Final Judgment of Dismissal and/or Order Granting Final Approval of the Settlement (including any such order on remand from a decision of an appeals court, or at the time for any such appeals to have lapsed), provided, however, that no party shall cite any modification or reversal on appeal of any amount of the fees and expenses awarded by the Court from the Settlement

Fund, or the amount of any service award to Dr. Seaman, by itself as a reason to prevent this Settlement from becoming final and effective if all other aspects of the final judgment have been affirmed.  If no appeal is filed from the Court's order finally approving the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure, the Effective Date shall be the date on which the time for any such appeal has lapsed.

## III.   CONSIDERATION FOR SETTLEMENT

### A.   Monetary Settlement Fund

1.   Duke shall pay or cause to be paid the Settlement Payment into the Settlement Fund as consideration for the Settlement in accordance with the following paragraphs.

2.   The Settlement Payment reflects Duke's total obligation to the Class in connection with the Litigation and under this Settlement Agreement.  For the avoidance of doubt, the Settlement Payment covers Duke's total obligation for (i) all claims by Class Members, (ii) all fees and costs of Class Counsel as ordered by the Court, (iii) any service payment to Dr. Seaman, and (iv) all costs of Class Notice, Claims Administration, and taxes.  Under no circumstances shall Duke be required to pay more than the Settlement Payment with respect to any liability arising out of the Litigation and/or the Settlement.

3.   The Settlement Payment is non-reversionary to Duke except in the event that the Settlement (i) is not approved by the Court or on appeal; (ii) is terminated in Duke's sole discretion pursuant to the provisions described in Exhibit C, the Supplemental Agreement; or (iii) fails to become effective for any reason.

4.   Within 10 business days after Preliminary Approval, Duke shall remit (or cause to be remitted) $90,000 to the Settlement Fund to cover the anticipated cost of notice, so that notice of the proposed Settlement may be generated and disseminated to the Class in

accordance with the Court's Order granting Preliminary Approval. This amount shall be an offset against the total Settlement Payment and nonrefundable regardless of the future disposition of the proposed Settlement.

5.      No later than 30 calendar days after entry of the Court's order granting final approval, Duke shall pay (or shall cause to be paid) the remainder of the Settlement Payment into the Settlement Fund.

6.      The Escrow Agent shall place the Settlement Fund in an escrow account (the "Account") created by order of the Court intended to constitute a "qualified settlement fund" ("QSF") within the meaning of Section 1.468B-1 of the Treasury Regulations ("Treasury Regulations") promulgated under the U.S. Internal Revenue Code of 1986, as amended (the "Code"). The Settlement Fund will be invested in instruments secured by the full faith and credit of the United States or an interest bearing or non-interest bearing deposit obligation of Citibank, N.A. insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits and any interest earned (or negative interest) thereon shall become part of (or paid from) the Settlement Fund. Duke shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d) (1) of the Treasury Regulations with respect to the Settlement Fund or any other amount transferred to the QSF pursuant to this Settlement Agreement. The Notice Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(*l*)(2) of the Treasury Regulations or any other applicable law on or with respect

to the QSF.  Duke and the Notice Administrator shall reasonably cooperate in providing any statements or making any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a QSF, including any relation-back election within the meaning of Section 1.468B-1(j) of the Treasury Regulations.

7.       Duke and Duke's Counsel shall have no liability, obligation or responsibility with respect to the investment, disbursement, or other administration or oversight of the Settlement Fund or QSF and shall have no liability, obligation or responsibility with respect to any liability, obligation or responsibility of the Escrow Agent or Notice Administrator, including but not limited to, liabilities, obligations or responsibilities arising in connection with the investment, disbursement or other administration of the Settlement Fund and QSF.

8.       The Settlement Fund and any payments to Class Members shall not be considered compensation under the terms of any benefits plan or for any purpose except for tax purposes to the extent contemplated by Section IV.B.  Any taxes due as a result of income earned or payments made by the Settlement Fund shall be imposed upon and paid from the Settlement Fund provided, however, that in no event shall the failure to withhold sufficient funds to pay such taxes be a basis to shift any such tax obligations to Duke or otherwise increase the Settlement Payment.  Interest earned by the Settlement Fund (less any tax imposed upon such interest) shall be for the benefit of the Class Members, less reasonable Attorneys' Fees and Expenses approved by the Court, any Court-approved service award to Dr. Seaman, and payment of any and all administrative or other Court-approved expenses associated with the Action or the Settlement.  Duke and Duke's Counsel shall have no liability, obligation or responsibility for any such taxes, Attorneys'

Fees and Expenses, interest, service award or administrative or other expenses or for any reporting requirements relating thereto.

9.     Duke's payment of the Settlement Payment to the Escrow Agent shall constitute full and complete satisfaction of its obligations under this Section III and any and all Released Claims.  Following Duke's transfer of the Settlement Payment, Duke and Duke's counsel shall have no liabilities, obligations or responsibilities with respect to the payment, disbursement, disposition or distribution of the Settlement Fund.  Duke shall provide the Notice Administrator with the statement required by the applicable United States Treasury regulations.  Class Members shall look solely to the Settlement Fund for settlement and satisfaction against Duke and the Duke Releasees of all claims that are released herein, all Attorneys' Fees and Expenses, the service award to Dr. Seaman, and all administrative or other costs and expenses arising out of or related to the Action or the Settlement.  Class Members shall not under any circumstances be entitled to any further payment from Duke and the Duke Releasees with respect to the Released Claims, the Action or the Settlement.  In the event that the Settlement Agreement becomes final and effective, payment of the Settlement Payment shall fully satisfy any and all Released Claims.  Except as provided by Order of the Court, no Class Member shall have any interest in the Settlement Fund or any portion thereof.

**B.     <u>Injunctive Relief Provisions</u>**

1.     The injunctive relief provisions contained in this section (the "Injunctive Relief Provisions") will be in effect for a period of five (5) years from the date of entry of the Order and Final Judgment of Dismissal (the "Injunctive Relief Provisions Term").  In any enforcement proceeding in which the Court finds that Duke University has violated the

Injunctive Relief Provisions, the United States may apply to the Court for a one-time

extension of the Injunctive Relief Provisions Term.

2.      For purposes of the Injunctive Relief Provisions, (a) "Relevant Personnel"

means Duke University's (i) trustees, (ii) officers, (iii) dean of each school or college, (iv)

department chairs, (v) division chiefs, (vi) departmental business managers, and (vii) Duke

Human Resources employees who supervise or have responsibility for Duke University's

recruiting, solicitation, or hiring efforts; (b) references to an agreement means any

agreement, understanding, pact, contract, or arrangement, formal or informal, oral or

written, between two or more persons; (c) "DOJ/FTC Guidelines for HR Professionals"

means the guidelines issued by the Department of Justice and Federal Trade Commission

in October 2016 and available at https://www.justice.gov/atr/file/903511/download or any

successor guidelines; and (d) references to a person means any natural person, corporation,

company, partnership, joint venture, firm, association, proprietorship, agency, board,

authority, commission, office, or other business or legal entity, whether private or

governmental.

3.      Duke agrees that it will not enter into, maintain, or enforce any agreement

that restrains any person from cold calling, soliciting, recruiting, hiring, or otherwise

competing for employees unless such agreement: (a) is reasonably necessary to a separate,

legitimate business transaction or collaboration; (b) is in writing and signed by all parties

thereto; (c) identifies, with specificity, the transaction or collaboration to which the

agreement is ancillary; (d) is narrowly tailored to affect only employees who are

reasonably anticipated to be directly involved in the agreement; (e) identifies with

reasonable specificity the employees who are subject to the agreement; and (f) contains a

specific termination date or event. For the avoidance of doubt, nothing in this provision affects Duke's ability to unilaterally adopt a policy not to recruit or hire employees from one or more other entities, provided that Duke is prohibited from (i) requesting, proposing, or suggesting that any person other than Duke and its agents adopt, enforce, or maintain such a policy, or (ii) notifying the other person that Duke has decided to adopt such a policy.

4. Within ten (10) days of entry of the Order and Final Judgment of Dismissal, Duke University shall appoint an Antitrust Compliance Officer and identify to the United States his or her name, business address, and telephone number.

5. The Antitrust Compliance Officer shall:

a. within sixty (60) days of entry of the Order and Final Judgment of Dismissal, furnish to Relevant Personnel a copy of the Injunctive Relief Provisions, the DOJ/FTC Guidelines for HR Professionals, and a cover letter devised by Duke University and approved by the United States, setting out (a) the employee's obligation to comply with the antitrust laws, including that Duke University not agree with any other entity not to solicit, cold call, or recruit each other's employees, including seeking permission or approval before considering or approaching an employee of any entity about a potential opportunity or requiring the other entity to seek permission or approval from Duke University before considering or approaching one of Duke University's employees; and (b) a directive to consult with the Antitrust Compliance Officer before determining whether a particular entity is subject to an exception to those requirements.

b.      annually brief Relevant Personnel on the meaning and requirements of the antitrust laws, including the meaning and requirements of the Injunctive Relief Provisions;

c.      within sixty (60) days of such succession, brief any person who succeeds a person in any position referenced in Paragraph 5.b;

d.      obtain from each person designated in Paragraph 5.b, including successors, within sixty (60) days of that person's receipt of the materials referenced in that subparagraph, a certification that he or she (i) has read and, to the best of his or her ability, understands and agrees to abide by the terms of the Injunctive Relief Provisions; and (ii) understands that any person's failure to comply with the Injunctive Relief Provisions may result in an enforcement action for civil or criminal contempt of court against Duke University and/or any person who violates the Injunctive Relief Provisions;

e.      maintain (i) a copy of all agreements covered by Paragraph 3, and (ii) a record of certifications received pursuant to Paragraph 5.d;

f.      annually communicate to Duke University's employees that they may disclose to the Antitrust Compliance Officer, without reprisal, information concerning any potential violation of the Injunctive Relief Provisions or the antitrust laws;

g.      within sixty (60) days of entry of the Order and Final Judgment of Dismissal, provide notice of Duke University's policy to comply with the provisions of Paragraph 3, along with a copy of the Injunctive Relief Provisions and a cover letter devised by Duke University and approved by the United States, to all recruiting agencies or providers of temporary employees or contract workers retained by Duke University for recruiting, soliciting, or hiring efforts affecting Duke University's business activities in the

United States, at the time of the entry of the Order and Final Judgment of Dismissal or subsequently retained by Duke University during the Injunctive Relief Provisions Term; and

        h.     furnish a representative sample copy of all materials required to be issued pursuant to Paragraph 5 to the United States within seventy-five (75) days of entry of the Order and Final Judgment of Dismissal.

      6.     Duke University shall:

        a.     upon Relevant Personnel learning of any violation or potential violation of any of the terms and conditions contained in the Injunctive Relief Provisions, promptly take appropriate action to terminate or modify the activity so as to comply with the Injunctive Relief Provisions and maintain all documents related to any violation or potential violation of the Injunctive Relief Provisions;

        b.     within sixty (60) days of Relevant Personnel learning of any violation or potential violation of the Injunctive Relief Provisions, file with the United States a statement describing any violation or potential violation of any of the terms and conditions contained in the Injunctive Relief Provisions, which shall include a description of any communications constituting the violation or potential violation, including the date and place of the communication, the persons involved, and the subject matter of the communication provided that such communications are not protected by a valid claim of attorney-client privilege or work product doctrine protection; and

        c.     have its President, and Vice President and General Counsel, certify to Class Counsel and to the United States annually on the anniversary date of the entry of

the Order on Final Judgment of Dismissal that Duke University has complied with the Injunctive Relief Provisions.

7.  Duke University agrees that, upon the written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice, authorized representatives of the United States shall be permitted:

a.  access during Duke University's office hours to inspect and copy, or at the option of the United States, to require Duke University to provide electronic or hard copies of, all books, ledgers, accounts, records, data, and documents in its possession, custody, or control of Duke University, relating to any matters contained in the Injunctive Relief Provisions;

b.  to interview, either informally or on the record, Duke University's officers, employees, or agents, who may have counsel, including their individual counsel, present, regarding such matters. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by Duke University; and

c.  to require Duke University to submit written reports or responses to written interrogatories, under oath if requested, relating to any of the matters contained in the Injunctive Relief Provisions as may be requested.

8.  No information or documents obtained by the means provided in the Injunctive Relief Provisions shall be divulged by the United States to any person other than an authorized representative of the executive branch of the United States, except in the course of legal proceedings to which the United States is a party (including grand jury

proceedings), or for the purpose of securing compliance with the Injunctive Relief Provisions, or as otherwise required by law.

9.      If at the time information or documents are furnished by Duke University to the United States, Duke University represents and identifies in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and Duke University marks each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure," then the United States shall give Duke University ten (10) calendar days' notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

10.     Duke University agrees that the United States shall have all rights to enforce the Injunctive Relief Provisions, including its right to seek an order of contempt from this Court.  Duke University agrees that in any civil contempt action, any motion to show cause, or any similar action brought by the United States regarding an alleged violation of the Injunctive Relief Provisions, the United States may establish a violation and the appropriateness of any remedy therefor by a preponderance of the evidence, and Duke University waives any argument that a different standard of proof should apply.

11.     In connection with any successful effort by the United States to enforce the Injunctive Relief Provisions against Duke University, whether litigated or resolved prior to litigation, Duke University agrees to reimburse the United States for any fees and expenses of its attorneys, as well as other costs, including experts' fees and costs, incurred in connection with that enforcement effort, including in the investigation of a potential violation.

12.     The Parties hereby agree that the Injunctive Relief Provisions should be interpreted using ordinary tools of interpretation, except that the terms of the Injunctive Relief Provisions should not be construed against either Party as the drafter.  The parties further agree that the purpose of the Injunctive Relief Provisions is to promote compliance with the antitrust laws, and that the Court may enforce any provision of the Injunctive Relief Provisions that is stated specifically and in reasonable detail, see Fed. R. Civ. P. 65(d), whether or not such provision is clear and unambiguous on its face.

13.     Any notice or other communication required by the Injunctive Relief Provisions to be provided to the United States shall be sent to the person at the address set forth below (or such other addresses as the United States may specify in writing to Duke University):

> Chief
> Healthcare and Consumer Products Section
> U.S. Department of Justice
> Antitrust Division
> 450 Fifth Street, NW, Suite 4000
> Washington, D.C. 20530

## IV.     DISTRIBUTION OF SETTLEMENT FUND

### A.     Eligibility

1.     Any Class Member who does not opt out pursuant to Section II.D shall be deemed eligible for a payment hereunder in accordance with the Plan of Allocation approved by the Court.

2.     Any Class Member who does not opt out pursuant to Section II.D is subject to and bound by the releases set forth in Section V.

3.     The receipt of settlement payments shall not affect the amount of any contribution to or level of benefits under any Defendant's benefit plan.

4.     Within a reasonable time period after the Effective Date, and after all objections, collateral challenges or appeals relating to the Settlement have been fully and finally resolved, the Notice Administrator shall render a determination as to the monetary award that should be paid to each eligible Class Member from the Settlement Fund based on the methodology set forth in the Plan of Allocation as approved by the Court. To the extent that such calculations require additional information from UNC, Duke shall have no obligation to assist Dr. Seaman or Class Counsel in obtaining such information from UNC.

5.     The Notice Administrator's determination as to the monetary award that should be paid to each Class Member shall be final and not subject to review by, or appeal to, any court, mediator, arbitrator or other judicial body, including without limitation this Court. As shall be reflected in the Final Approval Order, Class Counsel and Duke shall have no responsibility, and may not be held liable, for any determination reached by the Notice Administrator. This Notice Administrator will work with Class Counsel to ensure that Class Member questions will be addressed appropriately.

6.     The Notice Administrator shall reserve $100,000.00 from the Settlement Fund to resolve any Class Member disputes or payment issues ("Dispute Fund") that arise within 180 days of the first date on which distribution of the Settlement Fund is made to Class Members.

7.     The total amount of all monetary awards paid to Class Members, as determined by the Notice Administrator, shall not exceed the net amount of the Settlement Fund after all costs, expenses, service award, Attorneys' Fees and Expenses, and taxes have been paid, and the Dispute Fund has been reserved or fully utilized, provided, however, that in no event shall the failure to withhold sufficient funds to pay such taxes be

a basis to shift any such tax obligations to Duke or otherwise increase the Settlement Payment.

8.      In the event monies remain as residue in the Settlement Fund following all distribution efforts approved by the Court and payment of all costs, expenses, service award, Attorneys' Fees and Expenses, and taxes (including, for example, residue resulting from Class Members' failure to negotiate checks or the Dispute Fund not having been fully utilized) ("Residue"), the Notice Adminstrator will (a) take appropriate steps to tender relevant funds to the unclaimed property departments in the states in which Class Members reside, and then (b) determine whether there are sufficient funds remaining to issue an additional distribution to Class Members consistent with the Plan of Allocation. This process will continue until the Notice Adminstrator determines that there are no longer sufficient funds remaining to issue another distribution to Class Members (in no event may the Notice Adminstator so determine if there is $300,000 or more remaining in the Settlement Fund). The remainder, if any, will be distributed *cy pres* to a recipient or recipients approved by the Court. Dr. Seaman suggests that the *cy pres* recipient be the American Antitrust Institute. Duke suggests that the *cy pres* recipient be Habitat for Humanity of Durham, North Carolina.

## B.      <u>Settlement Fund Distribution Procedures</u>

### 1.      <u>Allocation</u>

a.      The Settling Parties agree that the Settlement Payment is a lump-sum payment by or on behalf of Duke to settle the Action that is made without any admission of liability or damages and is inclusive of any fee award. For purposes of efficient administration of the Settlement Fund, and subject to court approval, Settlement Fund payments from the Net Settlement Fund to Class Members shall be allocated

one-third to wages and two-thirds to interest.  The Plaintiff represents that no portion of the Settlement Fund is attributable to government penalties or fines.

2. <strong><u>Payment of Federal, State and Local Taxes</u></strong>

a. Payments to Dr. Seaman and other Class Members from the Account will be subject to applicable tax withholding and reporting requirements and shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and applicable FICA and Medicare taxes.

b. The Notice Administrator, as administrator of the QSF, and on behalf of the QSF, is expected to and shall carry out all the duties and obligations of the QSF in accordance with the Code and Treasury Regulations and all other applicable law, including the income tax reporting obligations of the QSF and in respect of all reporting, withholding and employment taxes and all information reporting requirements with respect thereto.

c. The Notice Administrator, as administrator of the QSF, shall report that portion of the Settlement Fund payable as wages by the QSF to each eligible Class Member and to the United States Internal Revenue Service ("IRS") and to other appropriate taxing authorities (each of the IRS and any such other taxing authority, a "Taxing Authority," and collectively, "Taxing Authorities") on an IRS Form W-2, or any other applicable form.  Such amounts shall be subject to applicable employment taxes and withholding taxes, including without limitation FICA, FUTA, Medicare and any state and local taxes, including without limitation SUTA, as determined by the Claims Administrator as administrator of the QSF making such payments.

d. The Notice Administrator shall pay from the QSF the employee's and employer's shares of all applicable U.S. federal, state, and local taxes, including

without limitation the employer's share of FICA, FUTA, Medicare and any state and local taxes, including without limitation SUTA, required to be paid by an employee or employer on amounts treated as wages (all such U.S. federal, state and local taxes, collectively the "Payroll Taxes").  Dr. Seaman, Class Counsel, Class Members, and the Notice Administrator shall not seek payment for Payroll Taxes from Duke.

    e.  If any portion of the Settlement Fund payable by the QSF to each eligible Class Member is determined to be treated as other than wages, the Notice Administrator, as administrator of the QSF, shall report that portion to the Class Member, and all applicable Taxing Authorities, to the extent required by law, under the Class Member's name and U.S. federal taxpayer identification number on IRS Forms 1099, 1042-S, or other applicable forms, and such payments shall be made without deduction for taxes and withholdings, except as required by law, as determined by the Notice Administrator, as administrator of the QSF making such payments.

    f.  The Notice Administrator shall be responsible to satisfy from the Settlement Fund any and all federal, state and local employment and withholding taxes, including, without limitation, federal, state and local income tax withholding, and any U.S. federal taxes including without limitation FICA, FUTA, and Medicare and any state employment taxes including without limitation SUTA.  The Notice Administrator shall promptly provide to Duke the information and documentation (including copies of applicable IRS and state forms) reasonably requested by Duke with respect to the payment or remittance of such employment and withholding taxes.  The Notice Administrator shall satisfy all federal, state, local, and other reporting requirements (including without limitation any applicable reporting with respect to attorneys' fees and other costs subject to

reporting), and any and all taxes, together with interest and penalties imposed thereon, and other obligations with respect to the payments or distributions from the Settlement Fund not otherwise addressed herein.

g.    The Notice Administrator shall be responsible for procuring any required tax forms from Class Members prior to making any such payments or distributions.

h.    For avoidance of doubt, Duke, Duke's Counsel, Dr. Seaman, and Class Counsel shall have no liability, obligation or responsibility whatsoever for tax obligations arising from payments to any Class Member, or based on the activities and income of the QSF.  In addition, Duke shall have no liability, obligation or responsibility whatsoever for tax obligations arising from payments to Dr. Seaman or Class Counsel. The QSF shall be solely responsible for its tax obligations.  Each Class Member shall be solely responsible for his/her tax obligations.  Class Counsel shall be solely responsible for its tax obligations.

i.    The Named Plaintiff, individually and on behalf of the Class, and Class Counsel and each of them represent and agree that they have not received and/or relied upon any advice and/or representations from Duke or Duke's Counsel as to taxes, including the taxability of the payments received pursuant to this Agreement. Class Counsel represent that neither Dr. Seaman nor Class Counsel provided any advice as to the taxability of payments received pursuant to this Agreement.

## V.    <u>RELEASE</u>

1.    Upon the Effective Date, each Releasor shall release, acquit, forever discharge, and covenant not to sue the Duke Releasees from all claims, demands, judgments, actions, suits, and/or causes of action, whether federal or state, known or

unknown, asserted or unasserted, regardless of legal theory, arising in any way from or in any way related to the facts, activities, or circumstances alleged in one or more of the complaints in the Litigation or any other purported restraint on competition for employment or compensation of, or affecting, Releasor, whether or not alleged in one or more complaints in the Litigation, in each case up to the Effective Date of the Settlement Agreement (the "Released Claims").

2.      For the avoidance of doubt, each Releasor shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Releasor shall further be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

3.      The "Duke Releasees" shall mean Duke University and Duke University Health System and each of their respective current and former parents, affiliates, subsidiaries, and governing bodies; the predecessors, successors, and assigns of each of the above; and each and all of the current and former principals, officers, directors, trustees,

partners, employees, representatives, agents, attorneys, and insurers of each of the foregoing.

4.      "Releasor" shall mean Dr. Seaman and each Class Member; each of their respective current and former heirs, executors, administrators, and assigns; and anyone claiming by or through any of the foregoing.

## VI.   CLASS REPRESENTATIVE SERVICE AWARD

1.      At the Fairness Hearing, Class Counsel shall seek Court approval for a service award to Dr. Seaman to compensate her for her contributions to this Action.  The proposed service award shall be in addition to any monetary award to Dr. Seaman under the Plan of Allocation, and is subject to Court approval.  Such service award shall be paid by the Notice Administrator solely out of the Settlement Fund upon Court approval.

2.      Duke agrees to take no position on such a service award to Dr. Seaman.

3.      Any service payment to Dr. Seaman shall not be considered compensation under the terms of any benefits plan or for any purpose except to the extent required for tax purposes.  The receipt of a service payment shall not affect the amount of any contribution to or level of benefits under any benefit plan.

## VII.  ATTORNEYS' FEES AND EXPENSES AND ADMINISTRATIVE EXPENSES

### A.    Attorneys' Fees and Expenses

1.      Prior to the deadline for objections to the Settlement pursuant to Section II.C, Class Counsel may apply to the Court for an award of Attorneys' Fees and Expenses incurred on behalf of the Class.  All Attorneys' Fees and Expenses and any interest due to any counsel (to the extent any interest is awarded) shall be payable solely out of the Settlement Fund in such amounts as the Court orders.  Duke Releasees shall have no

liability or responsibility for fees, costs, expenses, or interest, including without limitation attorneys' fees, costs, expenses, expert fees and costs or administrative fees or costs.

2.      All Attorneys' Fees and Expenses shall be payable solely out of the Settlement Fund and may be deducted from the Settlement Fund prior to the distribution to Class Members, after entry of an order by the Court approving any Attorneys' Fees and Expenses. The undersigned Class Counsel may withdraw from the Account and allocate amongst Class Counsel the Attorneys' Fees and Expenses so awarded.

3.      Duke shall not oppose Class Counsel's request for Attorneys' Fees or comment on the request unless directed to do so by the Court.

**B.      Costs of Notice and Administration**

1.      All costs of notice and administration shall be paid for solely from the Settlement Fund. Under no circumstances shall Duke or any Duke Releasee be otherwise obligated to pay for costs of Notice or any costs to administer the Settlement.

**VIII.   OTHER CONDITIONS**

**A.      Settlement Does Not Become Effective**

1.      In the event that the Settlement Agreement is terminated, is not finally approved (following the exhaustion of any appellate review) or does not become effective for any reason, judgment is not entered in accordance with this Agreement, or such judgment does not become final, then (a) this Settlement Agreement shall be null and void and of no force and effect, (b) any payments of the Settlement Fund and interest earned thereon, excluding the payment to the Notice Administrator pursuant to Section III.A.4 above, shall be returned to Duke within thirty (30) business days from the date the Settlement Agreement becomes null and void, and (c) any release pursuant to Section V herein shall be of no force or effect. In such event, the case shall proceed as if no

settlement has been attempted, and the Settling Parties shall be returned to their respective procedural postures, i.e., *status quo* as of March 13, 2019, so that the Settling Parties may take such litigation steps that Dr. Seaman or Duke otherwise would have been able to take absent the pendency of this Settlement. However, any reversal, vacating, or modification on appeal of (1) any amount of the fees and expenses awarded by the Court to Class Counsel, or (2) any determination by the Court to award less than the amount requested in Attorneys' Fees and Expenses or service award to Dr. Seaman, shall not give rise to any right of termination or otherwise serve as a basis for termination of this Settlement Agreement.

2.     In the event the Settlement does not become effective, the Settling Parties shall negotiate and submit for Court approval a case schedule.

**B.     <u>Preservation of Rights</u>**

1.     The Settling Parties expressly reserve all of their rights, contentions and defenses if this Settlement does not become final and effective in accordance with the terms of this Settlement Agreement. The Settling Parties further agree that this Settlement Agreement, whether or not it shall become effective pursuant to Section II.F herein, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Duke, and shall not be deemed or construed to be an admission or evidence of the truth of any of the claims or allegations made in the Action, and evidence therof shall not be discoverable or used directly or indirectly, in any way, whether in this case or any other action or proceeding. The Settling Parties further acknowledge and agree that the negotiations and

discussions that led to this Settlement are fully protected from disclosure by Federal Rule of Evidence 408.

### C. <u>Authority to Settle</u>

The undersigned represent and warrant each has authority to enter into this Settlement Agreement on behalf of the party indicated below his or her name.

### D. <u>Binding Effect</u>

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Duke Releasees. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Dr. Seaman and Class Counsel shall be binding upon all Class Members.

### E. <u>Mistake</u>

In entering and making this Agreement, the Settling Parties assume the risk of any mistake of fact or law. If the Settling Parties, or any of them, should later discover that any fact they relied upon in entering into this Agreement is not true, or that their understanding of the facts or law was incorrect, the Settling Parties shall not be entitled to seek rescission of this Agreement, or otherwise attack the validity of the Agreement, based on any such mistake. This Agreement is intended to be final and binding upon the Settling Parties regardless of any mistake of fact or law.

### F. <u>Advice of Counsel</u>

Except as set forth in this Agreement, the Settling Parties represent and warrant that they have not relied upon or been induced by any representation, statement or disclosure of the other Settling Parties or their attorneys or agents, but have relied upon their own knowledge and judgment and upon the advice and representation of their own counsel in entering into this Agreement. Each Settling Party warrants to the other Settling Parties that

it has carefully read this Agreement, knows its contents, and has freely executed it. Each

Settling Party, by execution of this Agreement, represents that it has been represented by

independent counsel of its choice throughout all negotiations preceding the execution of

this Agreement.

### G. Integrated Agreement

This Settlement Agreement, including exhibits (including Exhibit C containing the

Supplemental Agreement), contains the entire, complete, and integrated statement of each

and every term and provision of the Settlement Agreement agreed to by and among the

Settling Parties. This Settlement Agreement shall not be modified in any respect except by

a writing executed by the undersigned in the representative capacities specified, or others

who are authorized to act in such representative capacities.

### H. Headings

The headings used in this Settlement Agreement are intended for the convenience

of the reader only and shall not affect the meaning or interpretation of this Settlement

Agreement.

### I. No Drafting Presumption

All counsel to all Settling Parties hereto have materially participated in the drafting

of this Settlement Agreement. No party hereto shall be considered to be the drafter of this

Settlement Agreement or any provision hereof for the purpose of any statute, case law or

rule of interpretation or construction that would or might cause any provision to be

construed against the drafter hereof.

### J. Consent to Jurisdiction and Choice of Exclusive Forum

Any and all disputes arising from or related to the Settlement, the Settlement

Agreement, or distribution of the Settlement Fund, including Attorneys' Fees and

Expenses must be brought by a Duke Releasee, Dr. Seaman, and/or each member of the Class, exclusively in the Court, except as expressly provided for in Exhibit C. Duke Releasees, Dr. Seaman, and each member of the Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability or interpretation of this Settlement Agreement, except as expressly provided for in Exhibit C. In addition, the Order and Final Judgment of Dismissal shall provide that the Court retains jurisdiction to enable the United States to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe the Injunctive Relief Provisions, to enforce compliance, and to punish violations of its provisions.

### K. Enforcement of Settlement

Nothing in this Settlement Agreement prevents any Duke Releasee from enforcing or asserting any release herein. Notwithstanding any other provision of this Settlement Agreement, this Settlement Agreement and the releases contained herein may be pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted by Dr. Seaman or any Class Member with respect to any Released Claims and may be filed, offered and received into evidence and otherwise used for such defense.

### L. Severability

In the event any one or more of the provisions of this Settlement Agreement shall for any reason be held to be illegal, invalid or unenforceable in any respect, such illegality, invalidity or unenforceability shall not affect any other provision if Duke's Counsel and Class Counsel mutually agree to proceed as if such illegal, invalid, or unenforceable provision had never been included in the Settlement Agreement.

### M.    No Admission

This Settlement shall not be construed or deemed an admission of liability or wrongdoing on the part of any of the Settling Defendants, who have denied, and continue to deny that they engaged in any wrongdoing of any kind, or violated any law or regulation, or breached any duty owed to Dr. Seaman or Class Members.  Duke further denies that it is liable to, or owes any form of compensation or damages to, anyone with respect to the alleged facts or causes of action asserted in the Action.  Duke does not, by entering into this Settlement Agreement, admit it has caused any damage or injury to any Class Member as a result of the facts alleged or asserted in the Action and does not admit that Dr. Seaman's calculations or methods of calculations of alleged damages are accurate or appropriate.

### N.    Execution in Counterparts

This Settlement Agreement may be executed in counterparts.  Facsimile or PDF signatures shall be considered as valid signatures as of the date they bear.

### O.    Appeals

The proposed order and final judgment shall provide that any Class Member that wishes to appeal the Court's Final Approval Order and Final Judgment, which appeal will delay the distribution of the Settlement Fund to the Class, shall post a bond with this Court in an amount to be determined by the Court as a condition of prosecuting such appeal.

### P.    Calculation of Time

To the extent that any timeframe set out in this Settlement Agreement is ambiguous, said ambiguity shall be resolved by applying the conventions contained in Rule 6 of the Federal Rules of Civil Procedure.

**Q.     Representations to the Court About Settlement Negotiations**

The Settling Parties confirm, and shall so represent to the Court, that these settlement negotiations were arm's-length and facilitated through the aid of mediator Jonathan Harkavy, that there was no discussion of attorneys' fees prior to negotiating the Settlement, and that there are no commitments between the Settling Parties beyond what is in the Settlement (including the Supplemental Agreement (Exhibit C) separately submitted under seal).  Class Counsel and Duke's Counsel agree this Settlement is beneficial to the Class and shall not represent otherwise to the Court.

**R.     Confidentiality of Non-Public Documents**

All documents and other information (including deposition testimony and discovery responses) produced by the Parties in discovery shall in the future be treated as Confidential consistent with the terms of the Protective Order, without regard to any time limitations in the Protective Order.  This Confidential treatment does not apply to the following: (a) any documents or deposition testimony filed in the Civil Action that were publicly available as of April 5, 2019; or (b) any documents that are otherwise publicly available.  If deposition testimony is publicly available in written form (i.e., transcript excerpts), the corresponding video testimony shall also not be treated as Confidential.

**S.     No Assignment**

Class Counsel and Named Plaintiff represent and warrant that they have not asigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action or any related action, and they further represent and warrant that they know of no such assignments or transfers on the part of any Class Member.

**T.**     **Choice of Law Provision**

All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of North Carolina without regard to its choice of law or conflict of law principles.

IN WITNESS WHEREOF, the Settling Parties hereto through their fully authorized representatives have agreed to this Settlement Agreement on the date first herein above written.

**ACCEPTED AND AGREED:**

Dated: May 20, 2019       On behalf of Plaintiff Dr. Danielle Seaman and the Class

Dean M. Harvey
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Dated: May 20 2019       On behalf of Duke University

Name: _____
        Pamela J. Bernard

Title:   Vice President & General Counsel

Date:   May 20, 2019

Dated: May 20, 2019         On behalf of Duke University Health System, Inc.

Name: _____

Pamela J. Bernard

Title:   Vice President & General Counsel

Date:   May 20, 2019

**PENDING MOTION TO INTERVENE:**

Dated: _____, 2019      On behalf of the United States of America

Name: _____

Title: _____

Date: _____

# Exhibit A

# Faculty at Duke and UNC Schools of Medicine:
# You could get a payment from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Duke has agreed to pay $54.5 million and provide injuctive relief to resolve claims of a class of medical faculty who held an academic appointment at Duke or UNC Schools of Medicine from Jan. 1, 2012 to [date of preliminary approval].

- The settlement resolves a class action lawsuit alleging that Duke and UNC agreed not to hire, recruit, or poach one another's medical faculty, in violation of state and federal antitrust laws. Duke denies any and all alleged wrongdoing.

- The settlement avoids the costs and risks of continuing the lawsuit (such as going to trial, losing, and getting nothing); pays money to faculty members like you; and releases your claims against Duke University and Duke University Health System.

- Court-appointed lawyers will ask the Court to reimburse them for the approximately $3.3 million in costs they have already expended in pursuing your claims, and for up to a third of the settlement amount as fees for investigating the facts and litigating the case. Plaintiff Dr. Danielle Seaman will ask the Court for up to $125,000 as a service award for bringing this case on behalf of Class members such as yourself.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | Remain in the Class, release your claims, and receive your share of the settlement in the form of a cash payment mailed to you. |
| **EXCLUDE YOURSELF** | Get no payment, exclude yourself from the Class, and preserve your ability to file suit over the claims at issue in this |

**Questions? Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

1

1724780.5

| | action in your individual capacity and at your own expense. |
|---|---|
| **OBJECT** | You have a right to stay in the Class and argue to the Court that the settlement should not be approved. |
| **GO TO A HEARING** | Ask to speak in Court about the settlement. |

**Questions? Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

2

1724780.5

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ..................................................................................................**4**

    1.    Why did I get this Notice? ............................................................4

    2.    What is this lawsuit about? ............................................................4

    3.    Why is this a class action, and who is involved? ..........................5

    4.    Why is there a settlement? ............................................................5

**WHO IS IN THE CLASS ACTION LAWSUIT?** ..................................................**5**

    5.    How do I know if I am part of the settlement? ...............................5

    6.    I'm still not sure if I am included ....................................................6

    7.    Does it make a difference whether I worked for Duke or for UNC? ...............6

    8.    What does the settlement provide? .................................................6

    9.    How much will my payment be? .....................................................6

**HOW YOU GET A PAYMENT** ..........................................................................**7**

    10.    How can I get a payment? ..............................................................7

    11.    When will I get my payment? .........................................................7

    12.    What am I giving up as part of the settlement? ...............................8

**EXCLUDING YOURSELF FROM THE ONGOING LAWSUIT** ...............................**8**

    13.    How do I exclude myself from the Class and the settlement? ..........8

    14.    If I don't exclude myself, can I sue Duke for the same thing later? ..............9

    15.    If I exclude myself, can I get money from this case? ......................9

**THE LAWYERS REPRESENTING YOU** ............................................................**9**

    16.    Who represents me in this case? ....................................................9

    17.    Should I get my own lawyer? .........................................................9

    18.    How will the lawyers be paid? .......................................................10

**OBJECTING TO THE SETTLEMENT** ...............................................................**10**

    19.    Can I object to the settlement? .......................................................10

    20.    What's the difference between objecting and excluding? ................10

**THE COURT'S FAIRNESS HEARING** .............................................................**11**

    21.    When and where will the Court decide whether to approve the settlement? ...........11

    22.    Do I have to come to the hearing? .................................................11

    23.    May I speak at the hearing? ...........................................................11

**IF YOU DO NOTHING** ..................................................................................**12**

    24.    What happens if I do nothing at all? ..............................................12

**GETTING MORE INFORMATION** ..................................................................**12**

    25.    Are more details about the lawsuit available? ................................12

**Questions?  Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

1724780.5

26.    How do I get more information?........................................................................12

## BASIC INFORMATION

| 1.    Why did I get this Notice? |
|---|

You have received this Notice because Duke or UNC's records show that you may have been a faculty member with an academic appointment at Duke or UNC's medical school from January 1, 2012 through [date of prelimainary approval].

**The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.  You will be informed of the progress of the settlement.**

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Middle District of North Carolina, and the case is known as *Seaman v. Duke University, et al.*, Case No. 1:15-cv-00462.  The individual who sued is called the Plaintiff, and the entities and person they sued, Duke University, Duke University Health System, the University of North Carolina at Chapel Hill, the University of North Carolina School of Medicine, the University of North Carolina Health Care System, and Dr. William L. Roper, are called Defendants.  The Court already approved a final settlement with the UNC-related Defendants and Dr. Roper on January 4, 2018.

| 2.    What is this lawsuit about? |
|---|

The lawsuit claims that Duke and UNC agreed not to laterally hire each other's medical faculty in violation of federal and state antitrust laws.  Duke and UNC each denied that they violated any laws or engaged in any wrongdoing.  UNC entered into a settlement that the Court approved on January 4, 2018.  This settlement involves only Duke University and Duke University Health System.

**Questions?  Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

1724780.5

To obtain more information about the claims in this lawsuit, you can view the complaint and other court documents in this case at: www.dukeunemployeesettlement.com.

### 3. Why is this a class action, and who is involved?

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Class Representatives" (in this case, Dr. Danielle Seaman) sue on behalf of other people who have similar claims. All these people are a "Class" or "Class Members." A court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Catherine C. Eagles is in charge of this class action.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiff Dr. Seaman, the Class, or Duke. Dr. Seaman hired an expert that estimated that the Class's damages were between $176-$315 million. Duke argued that the Class's damages were $0 because there was no agreement, and even if there was one, Dr. Seaman's expert failed to provide a reliable estimate of alleged damages. Instead of going to trial, both sides agreed to a settlement. That way, they avoid the cost of a trial, the risk to both sides, and Class Members will be guaranteed compensation. The Class Representative and her attorneys think the settlement is preferable to the risks and further costs of trial.

### WHO IS IN THE CLASS ACTION LAWSUIT?

### 5. How do I know if I am part of the settlement?

Judge Eagles decided that everyone who fits this description is a Class Member:

> All natural persons employed by Defendants and their co-conspirators in the United States during the period from January 1, 2012 through [the date of Preliminary Approval] (the 'Class Period') as a faculty member with an academic appointment at the Duke or UNC Schools of Medicine. Excluded from the Class are: members of the boards of directors and boards of trustees, boards of governors, and senior executives of Duke University, Duke University Health System

**Questions? Call 1-800-000-0000 or visit www.dukeunemployeesettlement.com**

5

('DUHS'), the University of North Carolina at Chapel Hill ('UNC-CH'), or the University of North Carolina Health Care System ('UNC Health System') (including (a) department chairs and (b) chiefs in charge of divisions); and any and all judges and justices, and chambers' staff, assigned to hear or adjudicate any aspect of this litigation.

You are a class member covered by this Settlement if you fall under the definition above, did not previously request to exclude yourself from the Class, and do not request exclusion pursuant to the instructions below.

## 6.  I'm still not sure if I am included.

If you received this Notice mailed to you, it is because you were listed as a potential Class Member.  If you are still not sure whether you are included, you can ask for free help.  You can call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com for more information.

## 7.  Does it make a difference whether I worked for Duke or for UNC?

No.  As long as you fall within the definition of the class in Question 5 above, you can receive money from the settlement with Duke, regardless of whether you worked for Duke, UNC, or both.  The previous approved settlement with UNC does not affect your ability to recover from this settlement.

## 8.  What does the settlement provide?

Duke has agreed to pay $54.5 million into a Settlement Fund to be divided among all Class Members, after costs and fees have been deducted.   Duke University will also, among other injunctive relief provisions, appoint an antitrust compliance officer, train relevant personnel on the antitrust laws and their compliance responsibilities, and certify to the United States Department of Justice and Class Counsel that Duke has complied with these provisions annually for five years.

## 9.  How much will my payment be?

**Questions?  Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

6

1724780.5

Your share of the fund will depend on how much compensation you received from Duke and/or UNC while employed in a Class Position during the Class Period, in comparison to other Class Members.

Here's how it works. The Settlement Administrator will first calculate the Net Settlement Fund amount by subtracting any court-approved award of attorneys' fees and costs, service award, settlement administrators' costs, and a reserve fund of $100,000 for dispute resolution from the total Settlement Fund of $54.5 million. The Net Settlement Fund amount will be shared by all Class Members, with each Class Member's share calculated by multiplying the Net Settlement Fund by the following ratio:

$$(\text{Net Settlement Fund Amount}) \; x \; \frac{(\text{Your Eligible Duke/UNC Compensation During Class Period})}{\substack{(\text{Sum of All Class Members' Eligible Duke/UNC Compensation} \\ \text{During Class Period})}}$$

The Settlement Administrator will then issue checks according to this formula, after tax withholdings. This formula accounts for the fact that Class Members who worked longer or had higher compensation were, proportionally, allegedly harmed more than those who worked for a shorter period of time or had lower compensation.

After reduction of attorneys' fees and the other costs described above, the average amount each Class Member will receive is approximately $6,000. Of course, your individual amount will vary based on your income in relation to other Class Members, based on the formula above.

### HOW YOU GET A PAYMENT

| 10. How can I get a payment? |
|---|

You will automatically receive a payment unless you take action to timely exclude yourself from the Class. Duke and UNC will provide the Notice Administrator with your most recent address to mail you a check. If you would like to confirm that the correct address is on file, you may call the Administrator at (1-800-000-0000).

| 11. When will I get my payment? |
|---|

**Questions? Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

7

1724780.5

The Court will hold a hearing on [Date], to decide whether to approve the settlement. If Judge Eagles approves the settlement and that approval becomes final, the Settlement Administrator will be directed to send payments promptly. You may check the website (www.dukeuncemployeesettlement.com) or call for updates or questions (1-800-000-0000).

---

### 12. What am I giving up as part of the settlement?

Unless you exclude yourself, in exchange for receiving a payment under the settlement, you will not be able to sue, continue to sue, or be part of any other lawsuit against Duke University or Duke University Health System about restraints on competition for employees up to the effective date of the settlement agreement.

#### EXCLUDING YOURSELF FROM THE ONGOING LAWSUIT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Duke University or Duke University Health System, on your own and at your own expense, about the legal issues in this case, then you must take steps to exclude yourself, see below.

---

### 13. How do I exclude myself from the Class and the settlement?

To exclude yourself from the Class and the settlement, you must send a letter by mail saying that you want to be excluded from *Seaman v. Duke University, et al.* Be sure to include your name, address, telephone number, signature, approximate dates of employment at UNC and/or Duke, and a statement that you wish to be excluded from the settlement. You must mail or e-mail your exclusion request postmarked no later than [DATE] to:

Duke-UNC Settlement Exclusions
P.O. Box 0000
City, ST 00000-0000
Email Address

You cannot exclude yourself (opt out) by telephone. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be bound by anything that happens in this lawsuit. You

**Questions? Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

8

1724780.5

may be able to sue (or continue to sue) Duke and Duke University Health System for the allegations in this case in the future.

## 14. If I don't exclude myself, can I sue Duke for the same thing later?

No. If you are a Class Member, unless you exclude yourself, you give up the right to sue Duke for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is [DATE].

## 15. If I exclude myself, can I get money from this case?

No. If you exclude yourself, you will not receive money from this Settlement. But, you may sue, continue to sue, or be part of a different lawsuit against Duke and Duke University Health System.

### THE LAWYERS REPRESENTING YOU

## 16. Who represents me in this case?

The Court appointed the following law firms as Class Counsel to represent the Class:

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
(415) 956-1000
Contact: Dean Harvey
dharvey@lchb.com

ELLIOT MORGAN PARSONAGE, P.A.
426 Old Salem Road
Brickenstein-Leinbach House
Winston-Salem, NC 27101
(336) 724-2828
Contact: Robert (Hoppy) Elliot
rmelliot@emplawfirm.com

These law firms are called "Class Counsel." If you want to be represented by your own lawyer, you may hire one at your own expense.

## 17. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel are working on your behalf. If you want your own lawyer, you may hire one, but you will be

**Questions? Call 1-800-000-0000 or visit www.dukeuncmployeesettlement.com**

9

responsible for any payment for that lawyer's services. For example, you may ask your lawyer to appear in Court for you. You may also appear for yourself without a lawyer.

## 18.  How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to a third of the Settlement Fund to them for attorneys' fees, approximately $3.3 million in expenses Class Counsel already incurred in prosecuting your claims, and payment of $125,000 to Dr. Danielle Seaman for her services as Class Representative in this case. The fees would pay Class Counsel for investigating the facts and litigating the case. The Court may award less than these amounts. These amounts will reduce the $54.5 million available for Class Members. Duke and Duke University have agreed not to oppose these fees and expenses.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

## 19.  Can I object to the settlement?

Yes. If you're a Class Member, you can object to the settlement if you don't like it and do not think it should be approved. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying so. Be sure to include your name, address, telephone number, your signature, and the detailed reasons why you object to the settlement. You must also include a list of any objections you (or your attorney) have made to any class action settlements submitted to any court in the United States in the previous five years. Mail the objection to the following address, postmarked no later than [**DATE**]:

Duke-UNC Settlement Objections
P.O. Box 0000
City, ST 00000-0000

## 20.  What's the difference between objecting and excluding?

**Questions?  Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

1724780.5

Objecting is simply telling the Court that you don't like the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you, and you will not receive any payment from the settlement.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak if you submit a written objection, but you don't have to.

**21. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at [TIME] on [DATE] at the United States District Court for the Middle District of North Carolina, 324 W. Market Street, Greensboro, NC 27401-2544. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Eagles will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**22. Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Eagles may have. But, you are welcome to come. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also hire your own lawyer to attend, but it is not necessary.

**23. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing if you submitted a written objection and included with your objection a written statement of your intent to appear at the hearing.

**Questions? Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

1724780.5

| **24.  What happens if I do nothing at all?** |
|---|

If you do nothing, you will automatically receive a payment and will release your claims against Duke.  Duke and UNC will provide the Notice Administrator with your most recent address to mail you a check.  If you would like to confirm that the correct address is on file, you may call the Administrator at (1-800-000-0000).

**GETTING MORE INFORMATION**

| **25.  Are more details about the lawsuit available?** |
|---|

Yes.  This notice summarizes the proposed settlement.  More details are in a Settlement Agreement.  You can get a copy of the Settlement Agreement by visiting www.dukeuncemployeesettlement.com.

| **26.  How do I get more information?** |
|---|

You can call [HOTLINE]; write to the notice administrator, Rust Consulting; or visit www.dukeuncemployeesettlement.com, where you will find answers to common questions about the settlement and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.  You may also contact Class Counsel with questions (see contact information in Question 16, above).  You may also seek the advice and counsel of your own attorney at your own expense, if you desire.

PLEASE DO NOT CONTACT THE COURT.  YOU SHOULD DIRECT ANY QUESTIONS YOU MAY HAVE ABOUT THIS NOTICE OR THE SETTLEMENT TO THE NOTICE ADMINISTRATOR AND/OR TO CLASS COUNSEL.

**Questions?  Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

12

1724780.5

Case 1:15-cv-00462-CCE-JLW   Document 359-1   Filed 05/20/19   Page 53 of 67

# Faculty at Duke and UNC Schools of Medicine:
# You could get a payment from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Duke has agreed to pay $54.5 million and provide injunctive relief to resolve claims of a class of medical faculty who held an academic appointment at Duke or UNC Schools of Medicine from Jan. 1, 2012 to [date of preliminary approval].

- The settlement resolves a class action lawsuit alleging that Duke and UNC agreed not to hire, recruit, or poach one another's medical faculty, in violation of state and federal antitrust laws. Duke denies any and all alleged wrongdoing.

- The settlement avoids the costs and risks of continuing the lawsuit (such as going to trial, losing, and getting nothing); pays money to faculty members like you; and releases your claims against Duke University and Duke University Health System.

- Court-appointed lawyers will ask the Court to reimburse them for the approximately $3.3 million in costs they have already expended in pursuing your claims, and for up to a third of the settlement amount as fees for investigating the facts and litigating the case. Plaintiff Dr. Danielle Seaman will ask the Court for up to $125,000 as a service award for bringing this case on behalf of Class members such as yourself.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | Remain in the Class, release your claims, and receive your share of the settlement in the form of a cash payment mailed to you. |
| **OBJECT** | You have a right to argue to the Court that the settlement should not be approved. |

**Questions? Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

1724782.5

| **GO TO A HEARING** | Ask to speak in Court about the settlement. |

**Questions?  Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

1724782.5

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ....................................................................................................................**3**

    1.   Why did I get this Notice? ............................................................................4

    2.   What is this lawsuit about? ............................................................................4

    3.   Why is this a class action, and who is involved?..........................................5

    4.   Why is there a settlement? ............................................................................5

**WHO IS IN THE CLASS ACTION LAWSUIT?** ....................................................................**5**

    5.   How do I know if I am part of the settlement? ..............................................5

    6.   I'm still not sure if I am included.................................................................6

    7.   Does it make a difference whether I worked for Duke or for UNC?...............6

    8.   What does the settlement provide? ................................................................6

    9.   How much will my payment be? ...................................................................6

**HOW YOU GET A PAYMENT** ...........................................................................................**7**

    10.  How can I get a payment?..............................................................................7

    11.  When will I get my payment?........................................................................7

    12.  What am I giving up as part of the settlement? .............................................8

**THE LAWYERS REPRESENTING YOU** ...........................................................................**8**

    13.  Who represents me in this case? ...................................................................8

    14.  Should I get my own lawyer? .......................................................................8

    15.  How will the lawyers be paid?......................................................................9

**OBJECTING TO THE SETTLEMENT** ...............................................................................**9**

    16.  Can I object to the settlement?......................................................................9

**THE COURT'S FAIRNESS HEARING** .............................................................................**9**

    17.  When and where will the Court decide whether to approve the settlement?.....................9

    18.  Do I have to come to the hearing? ..............................................................10

    19.  May I speak at the hearing? ........................................................................10

**IF YOU DO NOTHING** ...................................................................................................**10**

    20.  What happens if I do nothing at all? ...........................................................10

**GETTING MORE INFORMATION** .................................................................................**10**

    21.  Are more details about the lawsuit available? .............................................11

    22.  How do I get more information?..................................................................11

# BASIC INFORMATION

**Questions?  Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

1724782.5

## 1. Why did I get this Notice?

You have received this Notice because Duke or UNC's records show that you may have been a faculty member with an academic appointment at Duke or UNC's medical school from January 1, 2012 through [date of prelimainary approval].

**The Court sent you this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows. You will be informed of the progress of the settlement.**

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Middle District of North Carolina, and the case is known as *Seaman v. Duke University, et al.*, Case No. 1:15-cv-00462. The individual who sued is called the Plaintiff, and the entities and person they sued, Duke University, Duke University Health System, the University of North Carolina at Chapel Hill, the University of North Carolina School of Medicine, the University of North Carolina Health Care System, and Dr. William L. Roper, are called Defendants. The Court already approved a final settlement with the UNC-related Defendants and Dr. Roper on January 4, 2018.

## 2. What is this lawsuit about?

The lawsuit claims that Duke and UNC agreed not to laterally hire each other's medical faculty in violation of federal and state antitrust laws. Duke and UNC each denied that they violated any laws or engaged in any wrongdoing. UNC entered into a settlement that the Court approved on January 4, 2018. This settlement involves only Duke University and Duke University Health System.

To obtain more information about the claims in this lawsuit, you can view the complaint and other court documents in this case at: www.dukeuncemployeesettlement.com.

**Questions? Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

4

### 3. Why is this a class action, and who is involved?

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Class Representatives" (in this case, Dr. Danielle Seaman) sue on behalf of other people who have similar claims. All these people are a "Class" or "Class Members." A court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Catherine C. Eagles is in charge of this class action.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiff Dr. Seaman, the Class, or Duke. Dr. Seaman hired an expert that estimated that the Class's damages were between $176-$315 million. Duke argued that the Class's damages were $0 because there was no agreement, and even if there was one, Dr. Seaman's expert failed to provide a reliable estimate of alleged damages. Instead of going to trial, both sides agreed to a settlement. That way, they avoid the cost of a trial, the risk to both sides, and Class Members will be guaranteed compensation. The Class Representative and her attorneys think the settlement is preferable to the risks and further costs of trial.

#### WHO IS IN THE CLASS ACTION LAWSUIT?

### 5. How do I know if I am part of the settlement?

Judge Eagles decided that everyone who fits this description is a Class Member:

> All natural persons employed by Defendants and their co-conspirators in the United States during the period from January 1, 2012 through [the date of Preliminary Approval] (the 'Class Period') as a faculty member with an academic appointment at the Duke or UNC Schools of Medicine. Excluded from the Class are: members of the boards of directors and boards of trustees, boards of governors, and senior executives of Duke University, Duke University Health System ('DUHS'), the University of North Carolina at Chapel Hill ('UNC-CH'), or the University of North Carolina Health Care System ('UNC Health System') (including (a) department chairs and (b) chiefs in charge of divisions); and any and all judges and justices, and

**Questions? Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

5

1724782.5

chambers' staff, assigned to hear or adjudicate any aspect of this litigation.

You are a class member covered by this Settlement if you fall under the definition above and did not previously request to exclude yourself from the Class.

## 6.   I'm still not sure if I am included.

If you received this Notice mailed to you, it is because you were listed as a potential Class Member.  If you are still not sure whether you are included, you can ask for free help.  You can call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com for more information.

## 7.   Does it make a difference whether I worked for Duke or for UNC?

No.  As long as you fall within the definition of the class in Question 5 above, you can receive money from the settlement with Duke, regardless of whether you worked for Duke, UNC, or both.  The previous approved settlement with UNC does not affect your ability to recover from this settlement.

## 8.   What does the settlement provide?

Duke has agreed to pay $54.5 million into a Settlement Fund to be divided among all Class Members, after costs and fees have been deducted.   Duke University will also, among other injunctive relief provisions, appoint an antitrust compliance officer, train relevant personnel on the antitrust laws and their compliance responsibilities, and certify to the United States Department of Justice and Class Counsel that Duke has complied with these provisions annually for five years.

## 9.   How much will my payment be?

Your share of the fund will depend on how much compensation you received from Duke and/or UNC while employed in a Class Position during the Class Period, in comparison to other Class Members.

**Questions?  Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

1724782.5

Here's how it works. The Settlement Administrator will first calculate the Net Settlement Fund amount by subtracting any court-approved award of attorneys' fees and costs, service award, settlement administrators' costs, and a reserve fund of $100,000 for dispute resolution from the total Settlement Fund of $54.5 million. The Net Settlement Fund amount will be shared by all Class Members, with each Class Member's share calculated by multiplying the Net Settlement Fund by the following ratio:

$$(\text{Net Settlement Fund Amount}) \times \frac{\text{(Your Eligible Duke/UNC Compensation During Class Period)}}{\text{(Sum of All Class Members' Eligible Duke/UNC Compensation During Class Period)}}$$

The Settlement Administrator will then issue checks according to this formula, after tax withholdings. This formula accounts for the fact that Class Members who worked longer or had higher compensation were, proportionally, allegedly harmed more than those who worked for a shorter period of time or had lower compensation.

After reduction of attorneys' fees and the other costs described above, the average amount each Class Member will receive is approximately $6,000. Of course, your individual amount will vary based on your income in relation to other Class Members, based on the formula above.

### HOW YOU GET A PAYMENT

**10. How can I get a payment?**

You will automatically receive a payment. Duke and UNC will provide the Notice Administrator with your most recent address to mail you a check. If you would like to confirm that the correct address is on file, you may call the Administrator at (1-800-000-0000).

**11. When will I get my payment?**

The Court will hold a hearing on [Date], to decide whether to approve the settlement. If Judge Eagles approves the settlement and that approval becomes final, the Settlement Administrator will be directed to send payments promptly. You may

**Questions? Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

7

check the website ([www.dukeuncemployeesettlement.com](www.dukeuncemployeesettlement.com)) or call for updates or questions (1-800-000-0000).

## 12. What am I giving up as part of the settlement?

In exchange for receiving a payment under the settlement, you will not be able to sue, continue to sue, or be part of any other lawsuit against Duke University or Duke University Health System about restraints on competition for employees up to the effective date of the settlement agreement.

### THE LAWYERS REPRESENTING YOU

## 13. Who represents me in this case?

The Court appointed the following law firms as Class Counsel to represent the Class:

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
(415) 956-1000
Contact: Dean Harvey
dharvey@lchb.com

ELLIOT MORGAN PARSONAGE, P.A.
426 Old Salem Road
Brickenstein-Leinbach House
Winston-Salem, NC 27101
(336) 724-2828
Contact: Robert (Hoppy) Elliot
rmelliot@emplawfirm.com

These law firms are called "Class Counsel." If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel are working on your behalf. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you may ask your lawyer to appear in Court for you. You may also appear for yourself without a lawyer.

**Questions? Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

8

1724782.5

## 15. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to a third of the Settlement Fund to them for attorneys' fees, approximately $3.3 million in expenses Class Counsel already incurred in prosecuting your claims, and payment of $125,000 to Dr. Danielle Seaman for her services as Class Representative in this case. The fees would pay Class Counsel for investigating the facts and litigating the case. The Court may award less than these amounts. These amounts will reduce the $54.5 million available for Class Members. Duke and Duke University have agreed not to oppose these fees and expenses.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

## 16. Can I object to the settlement?

Yes. If you're a Class Member, you can object to the settlement if you don't like it and do not think it should be approved. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying so. Be sure to include your name, address, telephone number, your signature, and the detailed reasons why you object to the settlement. You must also include a list of any objections you (or your attorney) have made to any class action settlements submitted to any court in the United States in the previous five years. Mail the objection to the following address, postmarked no later than [**DATE**]:

Duke-UNC Settlement Objections<br>
P.O. Box 0000<br>
City, ST 00000-0000

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak if you submit a written objection, but you don't have to.

## 17. When and where will the Court decide whether to approve the

**Questions? Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

9

1724782.5

Case 1:15-cv-00462-CCE-JLW    Document 359-1    Filed 05/20/19    Page 62 of 67

| settlement? |
| --- |

The Court will hold a Fairness Hearing at [<mark>TIME</mark>] on [<mark>DATE</mark>] at the United States District Court for the Middle District of North Carolina, 324 W. Market Street, Greensboro, NC 27401-2544. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Eagles will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

| 18. Do I have to come to the hearing? |
| --- |

No. Class Counsel will answer questions Judge Eagles may have. But, you are welcome to come. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also hire your own lawyer to attend, but it is not necessary.

| 19. May I speak at the hearing? |
| --- |

You may ask the Court for permission to speak at the Fairness Hearing if you submitted a written objection and included with your objection a written statement of your intent to appear at the hearing.

### IF YOU DO NOTHING

| 20. What happens if I do nothing at all? |
| --- |

If you do nothing, you will automatically receive a payment and will release your claims against Duke. Duke and UNC will provide the Notice Administrator with your most recent address to mail you a check. If you would like to confirm that the correct address is on file, you may call the Administrator at (1-800-000-0000).

### GETTING MORE INFORMATION

**Questions? Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

10

1724782.5

**21. Are more details about the lawsuit available?**

Yes.  This notice summarizes the proposed settlement.  More details are in a Settlement Agreement.  You can get a copy of the Settlement Agreement by visiting www.dukeuncemployeesettlement.com.

**22. How do I get more information?**

You can call [HOTLINE]; write to the notice administrator, Rust Consulting; or visit www.dukeuncemployeesettlement.com, where you will find answers to common questions about the settlement and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.  You may also contact Class Counsel with questions (see contact information in Question 13, above).  You may also seek the advice and counsel of your own attorney at your own expense, if you desire.

PLEASE DO NOT CONTACT THE COURT.  YOU SHOULD DIRECT ANY QUESTIONS YOU MAY HAVE ABOUT THIS NOTICE OR THE SETTLEMENT TO THE NOTICE ADMINISTRATOR AND/OR TO CLASS COUNSEL.

**Questions?  Call 1-800-000-0000 or visit www.dukeuncemployeesettlement.com**

1724782.5

# Exhibit B

## PLAN OF ALLOCATION

Class Members will be eligible to receive a share of the Settlement Fund net of all applicable reductions based on a formula using a Class Member's total compensation paid on the basis of employment in a "Class Position" within the "Class Period" as set forth in the Class definition. In other words, each Class Member's share of the net Settlement Fund is a fraction, with the Class Member's total compensation paid on the basis of employment in a Class Position during the Class Period as the numerator and the total compensation paid to all Class Members on the basis of employment in a Class Position during the Class Period as the denominator:

> (Class Member's individual total compensation paid on the basis of employment in Class Positions during the Class Period) ÷ (Total of compensation of all Class Members paid on the basis of employment in Class Positions during the Class Period).

Each Class Member's fractional amount shall be multiplied against the Settlement Fund net of court-approved costs, service award, and attorneys' fees and expenses, and the Dispute Fund.

The total compensation, dates of employment, and whether a potential Class Member held a Class Position will be conclusively derived from Duke and UNC's data and determined by the Notice Administrator and will not be subject to challenge by Class Members. To the extent that such calculations require additional information from UNC, Duke shall have no obligation to assist Dr. Seaman or Class Counsel in obtaining such information from UNC.

Payments to Class Members shall not be made until the Effective Date has passed and all objections, collateral challenges or appeals relating to the Settlement have been fully and finally resolved.

1716897.2

# Exhibit C
## *Filed Under Seal*