IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DANIELLE SEAMAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DUKE UNIVERSITY and DUKE UNIVERSITY HEALTH SYSTEM,

Defendants.

1:15-CV-462

## FINAL JUDGMENT AND DISMISSAL

The Court hereby enters final judgment in this action as between Plaintiff Danielle Seaman, M.D.; the Class; the United States of America; and Defendants Duke University and Duke University Health System ("Settling Defendants" together with Dr. Seaman, the Settlement Class, and the United States of America, "Settling Parties"), as defined in Federal Rule of Civil Procedure 58(a).

The final Settlement Agreement between Dr. Seaman, the Class, the United States of America, and the Settling Defendants is available at Docket Number 365-1, hereinafter "Settlement." Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement.

Pursuant to this Final Judgment, it is **ORDERED and ADJUDGED** that:

1. All Released Claims of Dr. Seaman and the Settlement Class are hereby released as against Settling Defendants and all other Duke Releasees as defined in the Settlement. The Court approves the release of the claims specified in the Settlement

Agreement as binding and effective as to all Class Members and permanently bars and enjoins all Class members from asserting any Released Claims.

2. The Settling Parties are hereby ordered to comply with the terms of the Settlement. The terms of the Settlement are hereby adopted as an order of this Court.

3. Pursuant to Section III.A.6 of the Settlement Agreement, the Settlement Fund has been established as an escrow account created by order of the Court intended to constitute a "qualified settlement fund" ("QSF") within the meaning of Section 1.468B-1 of the Treasury Regulations ("Treasury Regulations") promulgated under the U.S. Internal Revenue Code of 1986, as amended (the "Code").

4. Without affecting the finality of the Court's judgment in any way, the Court retains exclusive and continuing jurisdiction over this matter for purposes of resolving any issues relating to the administration, enforcement, consummation, and interpretation of the Settlement, including the Settlement Fund. As set forth in the Settlement, the United States shall have all rights to enforce the Injunctive Relief Provisions of the Settlement in this Court, including a right to seek an order of contempt from this Court. The United States shall have the full rights and enforcement powers of the Settlement Agreement pursuant to this Final Judgment as though the Settlement Agreement were in full force and effect as an order of this Court. This shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court.

5. The Settling Parties and Notice Administrator are authorized to disburse funds to the Class, to the American Antitrust Institute, to Class Counsel, to Dr. Seaman,

and to the Notice Administrator, consistent with the terms of the Settlement Agreement and the Court's concurrently-filed order approving the settlement and concerning Class Counsel's request for attorney's fees and reimbursement of costs and Dr. Seaman's service award.

6. Pursuant to Section VIII.B.1 of the Settlement Agreement, the Settlement Agreement and any and all negotiations, documents and discussions associated with it shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Duke, and shall not be deemed or construed to be an admission or evidence of the truth of any of the claims or allegations made in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in this case or any other action or proceeding.

7. This action is dismissed with prejudice as against the Settling Defendants, each side to bear its own costs and attorneys' fees.

8. This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

9. As this judgment resolves all claims against all remaining parties, the Clerk is directed to close the case.

**IT IS SO ORDERED,** this the 25th day of September, 2019.

_____
UNITED STATES DISTRICT JUDGE